SMITH vs. BUSBY.

1. It may be conceded that a covenant to convey, by a deed, with general warranty, is not satisfied by the mere execution of a formal instrument, with covenants of title, but implies that the covenantor will convey an undefeasible estate, and that his deed shall be operative for that purpose.

2. It may be admitted, for it is statute law, that the maker of a note sued on may make the same defence against the assignee, that he might have made against the assignor or payee.

Smith vs. Busby.

3. Where a party has promised another to pay him money on a given day, in consideration of an act to be done subsequently to that day, the insolvency of him who is to perform the subsequent act, is no bar to a recovery of the money promised in an action at law.

4. The inability of a party to do an act presently, which was to be performed in future, will not prevent his recovery of the consideration which had been promised to be paid for the act, before the arrival of the period for the performance of the thing stipulated to be done. Though a party may be unable to do an act to day; it does not follow that he may not be able to do it six months hence.

5. It is a settled principle, that, if a day be appointed for the payment of money, or part of it and the day is to happen before the thing which is the consideration of the money or other act is to be performed, an action may be brought for the money, or for not doing such other act before performance; for it appears that the party relied on his remedy, and did not intend to make the performance a condition precedent.

6. It is unjust to take possession of land, under a contract of sale, retain it, receive the rents, and yet refuse to pay the purchase money. The vender shound have his money or his land; and if the vendee intends to rescind the contract, he should relinquish his claim to the vendor, and abandon the possession.

## ERROR to Clinton Circuit Court.

LOAN & VORIES, for plaintiff in error.

1. The circuit court erred upon the trial of the cause, as well in the rejection of evidence offered by the plaintiff, as in permitting the defendant to give to the jury irrelevant, illegal and incompetent evidence, though objected to by the plaintiff. The evidence offered by the plaintiff, which was excluded by the court, would have shown that the contract or covenant, set up by the defendant, as a bar to the action, and the promise to pay the money by the defendant, as is specified in the note sued on, were independent covenants and promises, and that the covenant on the part of Townsend, to convey the land named in the bond read in evidence, was not to have been performed until long after the payment of the money in the notes sued on, and not until long after the commencement of this suit, the non-performance of which could not therefore be relied upon as a defence to the present action: 5 Mo. R. 395; Coak vs. Johnson, 3 Mo. R. 172; 1 Missouri Reports 420; Freeland vs. Mitchell, 8 Missouri Reports 487; Lucas vs. Clements, 7 Missouri Reports 367.

The rule is well settled, that where mutual covenants go only to a part of the entire consideration, and a breach of that part may be paid for in damages, the defendants shall not set it up as a condition precedent: Bennett vs. Exr. of Pixtley, 7 John R. 249; 1 Saunders' R. 320; 15 Pick. 546; Garley vs. Price 16 John R. 268; 20 John R. 15; 10 John R. 203.

2. The court erred in refusing to give the jury legal and proper instructions as prayed for by plaintiff, and in giving the jury illegal and erroneous instructions which were objected to by plaintiff.

3. The court erred in refusing to set aside the non-suit taken in the cause, and in refusing to grant the plaintiff a new trial upon his motion therefor.

S. L. LEONARD, for defendant in error.

The only question involved in this case is the failure of the consideration of the note sued upon.

The defence is not changed by the assignment of the note. See secs. 4 and 5, act concerning bonds and notes, R. S. 191; adm'r of Barton's estate vs. Rector, 7 Mo. R. 524.

Townsend executed to defendant a bond, binding himself to make to defendant "a good and sufficient warrantee deed" to the north east quarter sec. 33, town. 57, range 35, on the payment of $875, "in three notes" of which the note sued upon is one.

That Townsend shall make to defendant "a good and sufficient warrantee deed" for said land is the consideration for this note; and this being shown by Townsend's bond, we are not at liberty, there being no fraud, accident or mistake, to change or modify the consideration therein expressed. Whether defendant rented or received rent is immaterial.

The making "a good and sufficient warrantee deed," by Townsend to Busby for said land, being the consideration of the note, the question is did he make it? No, he did not. Could he make it? No, he could not. Then the consideration failed and the plaintiff is not entitled to recover, and the judgment being for the right party, the court will affirm the judgment below. Article 7 Practice at Law, R. S. 832, secs. 19, 20, 21. Act to regulate Injunctions, ap. March 27, 1845, R. S. 582.

It may be said for plaintiff that the terms "a good and sufficient warrantee deed" relate to the form of the instrument, and that Townsend was competent to make such in form, notwithstanding he had no title and conveyed none. A good deed which passes nothing! A sufficient deed which passes nothing! A warrantee deed which passes nothing and is worthless! But these terms have received a judicial construction and mean an operative conveyance. Barton's adm'r. vs. Rector, 7 Mo. R. 524.

But the plaintiff may say the covenants in the bond and the payment of the note are independent of each other. But whether they are called independent, dependent, or by whatever name they are called is immaterial. Call them by any name devised, still the consideration of the note was the making of "a good and sufficient warrantee deed" by Townsend to Busby, and this he did not do and could not do, and therefore the consideration failed and the plaintiff cannot recover.

But the covenants of the bond and the payment of the notes are not independent. It is not to be denied there are conflicting decisions and subtle distinctions made upon this subject. The bond shows, that upon payment of the notes, the deed was to be made. They are concurrent then, and neither could maintain an action without an offer to perform on his part. Parker vs Parmele, 20 John 130; Johnson vs. Wyzant, 11 Wend. 48.

But we are told there is a penalty in the bond, and, therefore, the payment of the note is independent; and in the absence of authority, judge Napton so decided in 8 vol. Mo. Rep., but this decision was not well considered. Jones vs. Gardiner, 10 John. 266; Adams vs. Williams, 2 Watts & Sergeants R. 227. Although the law may once have been different, yet now a penalty is a mere nullity. It adds nothing to and takes nothing from a bond, save, in some instances, it may limit the amount of recovery. The remedies on a bond are identical, whether a penalty is in or out. Penalties are only used in following old forms, which in this particular have lost their vitality.

But whatever the covenants may be, and penalty or no penalty, the question is not changed as to what was the consideration of this note, and that having failed, the law is with the defendant.

Scott, J., delivered the opinion of the court.

This was a petition in debt in attachment, begun by Smith, assignee of John Townsend, against Milton Busby on a note executed by Busby for $337 50 payable 15th May, 1847, and dated May 20th, 1845. Plea the general issue. On the trial, after proving the assignment, the plaintiff read the note in evidence, after which the defendant proved that the note sued on was given as part purchase money for two tracts of

land of 160 acres each. At the time of giving the note, a certificate of pre-emption was passed to Busby for one qurter section and a bond executed by Townsend, the assignor, of the note in suit. The note sued on was of those mentioned in the bond which was identified by the witness. The bond was then read in evidence, from which it appeared that Townsend bound himself in the penalty of $1800 to Busby, conditioned to make to Busby a warranty deed to the north east quarter of section 33 in township 57, range 35, on the payment of eight hundred and seventy-five dollars, in three notes bearing even date with the bond. The bond was dated May 20, 1845. The defendant then read a patent for the above tract of land, issued by the State of Missouri to S. L. Leonard, and proved by him that the said land had been selected by the State, under the authority of the United States; that he purchased Townsend's interest therein, who had a pre-emption thereto, and had proved up the same at sheriff's sale on an execution against Townsend who was now insolvent.

The plaintiff then proved by an agent of Busby that he rented the land to Townsend for $100 and took his obligation therefor, which was delivered by Busby who afterwards received the rent; that when Townsend sold the land to Busby and executed the above title bond, certificates of pre-emption had not been issued. Townsend and Busby went to the office to prove Townsend's right to pre-emption, but in consequence of some previous omission, it was not then proved, but shortly after the certificate was issued, and it, together with the bond and the obligation for rent, was placed in the agent's hands, by whom they were delivered to Busby. The plaintiff then offered to prove that of the three notes, mentioned in the above bond, one was payable before that on which this suit was brought and that the other was not due. This evidence was rejected. The plaintiff also offered in evidence the following agreement between Busby and Leonard, which was also rejected: "Whereas, we, the undersigned, have severally claims to the north west quarter section 34, township 57, range 35, and the north east quarter section 33, township 57, range 35, and whereas the undersigned, Milton Busby, has actually paid out some nine hundred dollars for said north west quarter of section 34; and whereas, the undersigned, Solomon L. Leonard is satisfied that he has an indefeasible title to both said quarters, but in consideration that it would be hard for said Busby to entirely lose said $900, and also to suppress strife and bickering and to promote kind feelings, and also in further consideration of two hundred and sixty-six dollars and thirty three cents, the entrance money which said Leonard paid therefor, with interest to the present time, by said

Busby to said Leonard paid, said Leonard has made a deed of convey-
ance of said north west quarter section 34 to said Busby, and said Busby
declares that he has no just claim for said north east quarter section 33,
and that he will, in no manner molest or harrass said Leonard about said
last mentioned quarter, but, on the contrary, he declares himself satis-
fied with the arrangement above set forth.

Witness our hands and seals this twelfth day of November, in the year
of our Lord, eighteen hundred and forty-seven.

SOLOMON L. LEONARD, [SEAL.]

MILTON BUSBY,          [SEAL.]

From this state of facts, the question arises whether there was a fail-
ure of the consideration of the note sued on, or whether the plaintiff is
entitled to recover.   In the consideration of this question the evidence
offered and rejected will be regarded as in the case and the facts it tend-
ed to prove will be taken as true.

In the court below, the plaintiff submitted to a non-suit in conse-
quence of an instruction to the effect, that the land having been pur-
chased by Leonard from the State, before the commencement of this
suit, and he is still holding title to the same, and Townsend being una-
ble to make a good title to the land, and insolvent, the consideration of
the note sued on has failed.

It may be conceded that a covenant to convey by a deed with general
warranty, is not satisfied by the mere execution of a formal instrument
with covenants of title, but implies that the covenantor will convey an
indefeasible estate, and that his deed shall be operative for that purpose.
It may likewise be admitted, for it is statute law, that the maker of a
note sued on may make the same defence against the assignee, that he
might have made against the assignor or payee.

At common law, a failure of the consideration of a bond, whether
partial or total, was no defence to an action on the instrument.   A par-
tial or a total failure of the consideration of a note might be used as a
defence to an action upon it.   Our statute has now abolished all dis-
tinctions between bonds and notes in this respect, and a failure of con-
sideration, in whole or in part, may be given in evidence to defeat or
diminish the recovery in an action on those instruments: Code 1845,
page 832.   Notwithstanding this provision, we are still left to general
principles, to ascertain what is a failure of consideration.   Where a
party has promised another to pay him money on a given day, in con-
sideration of an act to be performed subsequently to that day, the in-
solvency of him who is to perform the subsequent act, is no bar to a re-
covery of the money promised in an action at law.   How far such a con-

sideration would influence courts of equity, it is not necessar now to determine. Nor would the inability of a party to do an act presently, which was to be performed in furure, prevent his recovery of the consideration which had been promised to be paid for the act, before the arrival of the period for the performance of the thing stipulated to be done. Though a party may be unable to do an act to-day, it does not follow that he may not be able to do it six months hence. That lands have been sold to a third person which a party has promised to convey to another in future, does not necessarily preclude the idea that the party promising will not be able to perform his undertaking. It is a settled principle, that if a day be appointed for the payment of money, or part of it, or for doing any other act, and the day is to happen, may happen, before the thing which is the consideration of the money, or other act is to be performed, an action may be brought for the money, or for not doing such other act before performance; for it appears that the party relied on his remedy, and did not intend to make the performance a condition precedent : 1 San. 320. In 11 Wend. 48, Johnson vs. Wyzant, it was held that on a contract for the sale of lands, by a vendor against a vendee, in which the consideration money is to be paid in instalments and the conveyance to be made upon payment, if suit is delayed until all the instalments are due, the covenants then become dependent. In this, however, the action was on a covenant, and the breach assigned was the non-payment of all the instalments. So it appears the whole sum was due by a single instrument. A difficulty may arise in the application of the principle of the above case to those circumstanced as the one now under consideration, where separate securities are given and separate suits become necessary. If the securities should be assigned to different persons, in case of a partial failure of consideration, how would it be apportioned among the different holders, would the maker use the defence against which of them he pleased, would the last assignee be first resorted to; or would the contribution be in proportion to the respective amounts of the notes? But one assignee being before the court, how would the date of the assignments be ascertained? 5 John C. R. 235

But this case steers clear of this difficulty as it appears that one of the notes was not due.

The defence to this action is an entire failure of consideration, but viewing the subject in the most liberal manner for the defendant, Busby, we do not see how it can be supported. He was put in possesions of the land; he received rent for it. He had the very thing he contracted for. It is unjust to take possession of land, under a contract of sale,

retain it and yet refuse to pay the purchase money. The vendor should have his money or his land, and if the vendee intends to rescind the contract, he should relinquish his claim to the vendor and abandon the possession. The defence set up can only be maintained on the ground that Busby has a right to rescind the contract. Can he now do this? Has he not placed himself in a situation by which he is restrained from such a course? By his contract with Leonard, he has disposed of the very land, the price of which, in part, is the subject of this controversy. The caution with which he has worded his agreement will not avail him. In it he recites that he had a claim to this very land, and although there is a subsequent disclaimer of title, and a total omission of all words of conveyance, yet the transaction would seem to amount to a release in effect. For a valuable consideration, he has precluded himself from an inquiry into the legality of the proceedings on the part of Leonard. It is impossible to read the agreement between Leonard and Busby, and say it was not an assumption of the power on the part of Busby to dispose of the land whose value is the subject of this suit. If Busby should now rescind his contract with Townsend and put him upon Leonard, what consideration will Leonard have received for his conveyance of N. W. quarter section to Busby. If Busby intends to rely upon a rescision of the contract, he should have taken no step by which his right to do so could be compromised.

The other judges concuring, the judgment will be reversed and the cause remanded.