## JAMES F. TROTTER *v.* JAMES ERWIN.

The statute (Hutch. Code, 776, § 9) establishing the district chancery courts, provides that where a defendant is sued in one of the district courts not embracing the county in which he has his residence and freehold, such defendant has the right, on certain terms, to remove the case to the superior court of chancery; but no case shall be dismissed from said district chancery court for want of jurisdiction, if neither party applies for a removal of the same to the superior court of chancery.

The statute of limitations which would bar a debt secured by mortgage, will not bar the remedy upon the mortgage, because the mortgage has a legal import more extensive than the mere evidence of the debt.

The mortgage in its form is separate and distinct from the debt, and is an additional and more solemn acknowledgment of and security for the debt:—
*Held,* that none of these characteristics appertain to the vendor's lien for unpaid purchase-money.

The vendor's lien consists solely in debt, having no form apart from it, and has been held to be capable of being enforced against a vendee and sub-purchaser with notice by analogy to a mortgage, and upon the general equitable principle that the purchaser should not be entitled to the land until he has paid for it:—*Held,* that it is a secret equity, and is not recognized as against the rights of a purchaser from the vendee without notice.

The vendor's lien is not a mortgage, but it has merely the incidents of a mortgage, being enforcable in equity against the property subject to the vendor's

equitable claim; but it consists solely in debt, and must be subject to all the incidents of the debt, and cannot be enforced when the debt cannot be: — *Held*, that the vendor's right to subject the land must be governed, in reference to the question of limitation, by his right to enforce payment of his note ; and when the note is barred by the statute, the remedy to enforce the equitable lien is also barred.

A vendor is entitled to all the benefit of the exceptions in the statute (Hutch. Code, 831, § 11) touching the collection of debts.

On appeal from the northern district chancery court at Columbus; Hon. Henry Dickinson, vice-chancellor.

The facts of the case will be found in the opinion of the court, and the points made by counsel.

*D. C. Glenn* for appellant.

James Erwin in his bill says, that in 1837 he sold Ford a tract of land, and in consideration thereof, beside several payments, Ford gave him notes due in one, two, and three years, all of which are paid but the last, for $1,000, due in January, 1840. Ford left Mississippi in 1843, and is insolvent; prays a sale of the land to pay the debt. Erwin gave Ford a title bond. Trotter is made a defendant because it is said he claims the land under some pretended title, what, Erwin does not know, as there is none of record, and because Trotter has paid taxes on the land. Erwin is a non-resident also.

Trotter is the only defendant to the bill in Mississippi. The bill is filed in the district chancery court at Columbus, and process returnable thereto. Trotter is a resident of Marshall county, in the chancery district, the court of which is held at Holly Springs. Trotter plead to the jurisdiction setting out these facts. The plea was overruled, and I think improperly.

The superior court of chancery has jurisdiction over the whole State by virtue of the constitution. The district chancery courts are the creatures of statute, and their jurisdiction is diffused by statute, local not general. The second section . of the act creating this court, Code, 776, provides "that process against any person in said district shall be returnable to the district chancery court holden for the county in which he shall reside ; when there shall be two or more defendants residing in .

65*

different counties, then to the court of the county where either may reside."

Trotter was the only defendant, and he resided at Holly Springs. Yet he was sued at Columbus and compelled to travel one hundred and fifty miles from the court to whose jurisdiction the law expressly assigns him, to answer a court which has no jurisdiction of him. It may be said Trotter is not the only defendant; Ford is also a defendant. I answer, Ford is a non-resident, and not a defendant in the sense of the statute I have cited. The statute applies when there is but one defendant resident in Mississippi. We are the only defendant, and the law has been violated in forcing us to plead at Columbus. But it may be said the land which complainant seeks is in the Columbus division,. and then we could be forced to Columbus; this will not avail. The statute makes no such rule. It makes jurisdiction depend on the residence of defendants, and not on the subject-matter of litigation.

The objection was properly made by Judge Trotter by plea. Much injury and oppression may be worked to individuals unless this salutary provision of the act is observed by the courts; and if the inferior courts will not observe it, this court must force them.

Trotter then demurred to the bill. The demurrer should have been sustained. The statute of limitations was conclusive. Note was due 1st of January, 1840. Suit commenced in November, 1853; over thirteen years. It is true, Ford left here in 1843, but Erwin has been a non-resident all the time himself, and I conceive, where neither are residents the exception of the act does not apply.

But admitting otherwise, Erwin is pursuing here a collateral remedy, not affected by Ford's removal; and open to him for the last thirteen years. He claims a lien in the nature of an equitable mortgage, and proceedings in either case are governed by the same rules. See 2 S. &. M. 590; 4 Ib. 299; 8 Ib. 572. This right to foreclose is analogous to a right of entry, and since the act of 1844 is barred in seven years.

Though Ford never had a deed he is not to be regarded as a mere trustee. A person in possession under a contract for title

is in equity owner of the estate. Angell on Lim. 511. The purchaser is not a trustee. His title, though derivative, is adverse to the vendor's; he enters and holds for himself. Angell, 512; 4 Peters, 506. The vendee is only trustee for payment of the purchase-money, but is in no sense trustee for vendor as to possession which is adverse. 10 Peters, 223; 3 Ib. 43.

One let into possession under bond for title, and who has paid the purchase-money, or part thereof, is not a tenant for vendor. 1 Humph. 261; 10 Yerg. 82; 3 Ib. 405. His interest can be sold under execution.

In such cases the bond is good color of title, and will make possession of vendee adverse, and coëxtensive with the boundaries described in it. This being so, what is to prevent the operation of the bar? Angell, 492; 12 Johns. 242; 9 Wheat. 497; 1 Story, Eq. 73; 2 Ib. 296, 735.

*C. R. Crusoe* for appellee.

Being an appeal from the court below, from a decision in overruling a demurrer, the only points presented are those arising from the action of the court on the demurrer.

The bill was filed to subject the land to the payment of the purchase-money. The vendor retained the title, and was only bound to convey on the payment of the purchase-money. His lien was in the nature of an equitable mortgage, as has been settled by the decisions in this State.

It is said that the note given for the purchase-money is barred by the statute of limitations, and therefore complainant cannot enforce his lien. There is no principle better settled than that where a party has two remedies, the one may be barred, yet he may enforce the other; as where a note is secured by mortgage, the note may be barred by the statute, yet he may pursue his remedy on the mortgage. There is no statute of limitations as to the lien of a mortgage. 5 S. & M. 651; 2 Ib. 697; 14 Peters, 19; 19 Pick. 535. And further, the bill on its face shows that the note even is not barred. It fell due in 1840, and in 1843 the maker removed from the State. These facts are admitted by the demurrer, and of course the statute

does not run whilst the party is without the limits of the State.

It is insisted, that the handing over and delivery to Ford of the certificates of entry divested the complainant of title to the land; rather a novel idea for a lawyer to entertain, that the title to land will pass by the mere delivery of certificates; must have forgotten that there was such a statute as the statute of frauds. But the bill shows subsequently a patent from government to complainant for a portion and deed direct for balance from Stewart the patentee to complainant; the whole of the certificates were transferred to complainant prior to his contract with defendant Ford, and on the issuing of the patent and execution of the deed, complainant was, and is still, invested with the legal title.

The date of contract is stated 14th of January, 1837, and the contract sufficiently set out, and the only exhibits to bill were filed.

The question of jurisdiction is not before the court; but if in this we are mistaken, we think the court clearly had jurisdiction; notwithstanding one of the defendants was a non-resident, and the other a resident of Marshall county, the land was in the district; it was in the nature of a proceeding *in rem*, and whether the court had jurisdiction or not, the defendant could not avail himself of the objection in the way attempted, for the statute conferring jurisdiction on the vice chancery court, expressly provides that no case shall be dismissed for want of jurisdiction, if the case be such that the superior court of chancery would have jurisdiction, and no application be made to remove it to that court; and in order to remove it to that court, the application must be made within ten days of service of process, and the subject-matter must not be within the district. Hutch. Co. 777, § 9.

*Calvin Miller* on the same side.

Mr. Justice HANDY delivered the opinion of the court.

This was a bill filed in the district chancery court at Columbus by the appellee, to subject to the vendor's lien for unpaid

purchase-money a tract of land, sold by the appellee to one Ford.

The bill alleges that the sale was made on the 14th January, 1837, Ford giving, in part for the purchase-money, his note for $1,000, to become due on the 14th of January, 1840, and Erwin binding himself to convey the land upon the payment of the purchase-money in full; that Ford left this State in the year 1843, and became a non-resident, leaving the note unpaid, and the same remains wholly unpaid; that a title has never been made to Ford by Erwin, but that he is prepared to do so upon the payment of the purchase-money; that the appellant, a resident of Marshall county in this State, sets up some claim, the nature of which is unknown to the complainant, to the land or some part of it, but which is invalid against the complainant. The prayer is for the payment of the debt due on the note by Ford for the purchase-money, and on default thereof, that the land be sold for that purpose, it being situate in the Columbus chancery district.

The appellant Trotter appeared and pleaded to the jurisdiction of the court, that he was the sole defendant resident in this State; that he resided in Marshall county, and should have been sued in the district chancery court at Holly Springs. To this the complainant filed a demurrer, which was sustained. The appellant then demurred to the bill on several grounds, among which was, that the claim was barred by the statute of limitations. This demurrer was overruled, from which order this appeal was prosecuted.

Two questions are presented in behalf of the appellant as grounds of error. 1st, that the court had not jurisdiction; and, 2d, that the claim was barred by limitation.

First. The statute establishing the district chancery courts shows that the jurisdiction in this case was properly exercised by the court below. Hutch. Co. 776, et seq.

It is true, the 2d section provides that process for any person in either of the chancery districts established by the act " shall be returnable to the district chancery court holden for the county in which he or she shall reside." But the 9th section provides for the case of a defendant who is sued in one of the

district courts not embracing the county in which he has his residence and freehold, and gives such defendant the right, on terms stated, to remove the cause to the superior court of chancery. But it expressly provides that "no cause shall be dismissed from said district chancery courts for want of jurisdiction, if neither party applies for a removal of the same to the superior court of chancery, and the case is of such a nature that it might have been commenced and prosecuted in the superior court of chancery." It is conceded that this suit might have been brought in the superior court of chancery, and no effort was made to obtain a removal of it under the provisions of the statute. The effort of the appellant was to dismiss it, which was expressly prohibited by the clause of the statute above stated. It is, therefore, clear that neither the plea nor the demurrer raising the question of jurisdiction should have been sustained.

Second. Upon the question of the statute of limitations, it is insisted in behalf of the appellee, 1st, that the lien of the vendor has the same legal effect as a mortgage, and therefore is not barred by the same lapse of time that would bar the debt; 2d, that the note is not barred, because the maker left this State in the year 1843, before the expiration of six years from its maturity, and has since been a non-resident; which time must be excepted from the running of the statute, under the 11th section of the act of 1844, Hutch. Dig. 831. Let us examine these positions.

The first point raises the question, whether the vendor's lien has the same extent and legal incidents as a mortgage, in reference to the statute of limitations.

The statute of limitations, which would bar a debt secured by mortgage, has been held not to bar the remedy upon the mortgage, because, although the debt is the principal and the mortgage the incident, yet the security is distinct in its form from the debt, and has a legal import more extensive than the mere evidence of the debt. Thus, it is a conveyance of the legal estate which in law would entitle the mortgagee to his action for the possession of the mortgaged premises. It is also a specific lien on the property, capable of registration, and of

which all persons may and are bound to take notice when registered. In its form it is separate and distinct from the debt, and an additional and more solemn acknowledgment of and security for the debt. None of these characteristics appertain to the vendor's lien for unpaid purchase-money. It consists solely in the debt, has no form apart from it, and has been held to be capable of being enforced against the vendee and sub-purchasers with notice, by analogy to a mortgage, and upon the general equitable principle that the purchaser should not be entitled to the land until he had paid for it, and not because there was any substantive agreement between the parties that it should be so bound, or that such lien might be enforced against the land. It is a secret equity, and is not recognized as against the rights of a purchaser from the vendee without notice.

These are familiar principles which pervade all the cases in which the nature and incidents of liens of this kind have been discussed and settled; and it may be safely said that such a lien is not a mortgage, but that it has merely the incident of a mortgage of being enforceable in equity against the property, subject to the vendor's equitable claim. But consisting solely in the debt, it must be subject to all the incidents of the debt, and cannot be enforced when the debt could not be; and consequently, it would be barred by the same lapse of time that would bar the debt.

It has been said, in opposition to this view, that the land is held by the vendee subject to a trust for the payment of the purchase-money, and that the statute of limitations does not operate upon trust estates. *Moulton* v. *Harrison*, 1 Bland, Ch. R. 491; *Lingan* v. *Henderson*, Ib. 281. But this is manifestly an untenable position. For, in the first place, the trust could not exist in the vendee except where the legal title had been conveyed to him, which is not the case in many instances, and in this instance; and 2d, it would be but a case of resulting and implied trust, against which the statute runs, and not one of direct, technical trust.

We think, therefore, that the vendor's right to subject the land must be governed, in reference to the question of limitation, by his right to enforce payment of his note; and that

Trotter *v.* Erwin.

when the note is barred by the statute, the remedy to enforce the equitable lien is also barred.

The next question is, whether the saving of the 11th section of the statute, excepting from its operation the time of the vendee's absence from the State, applies to the remedy in equity for enforcing the vendor's lien.

It is insisted, in behalf of the appellant, that the vendor might have enforced his lien, notwithstanding the absence of the vendee, and that, therefore, the saving of absence does not apply to such a case. But we have held above, that the rights of the vendor are governed by the rules applicable to the debt. If they are so governed, he is entitled to all the benefit of the exceptions in the statute touching the collection of the debt, though the mode of collection may be by enforcement of his equitable lien. It would be but another mode of enforcing payment of the note ; and the vendor might well have delayed enforcing his lien in consequence of the vendee's absence, and under the hope that the money would be paid before the note would be barred. And if the statute applied to bar the enforcement of the lien because it barred the note, it would be but just to give to the lien the benefit of all exceptions allowed to the note. On the other hand, if the statute in relation to suing upon the note does not govern the case, then there is no statute limiting the enforcement of the vendor's lien, such a case not being enumerated in the statute, and it would only be barred by the common law rule of presumption from lapse of time, which would not be sufficient to create a bar in this case.

In either view, therefore, the right to enforce the lien is not barred by the statute.

We are of opinion that there was no error in holding the plea to the jurisdiction to be insufficient, and in overruling the demurrer to the bill.

The decree is, therefore, affirmed, and the cause remanded, and the appellant required to answer within sixty days.