Littlejohn v. Gordon.

---

### REUBEN LITTLEJOHN v. ROBERT GORDON.

LIMITATIONS: VENDOR'S LIEN WHEN BARRED.—A bill to enforce the vendor's lien, is barred by the same lapse of time that would bar an action at common law for the recovery of the purchase-money. See 27 Miss. R. 772.

APPEAL from the District Chancery Court at Fulton. Hon. Henry Dickinson, vice-chancellor.

The bill showed, in addition to the facts set out in the opinion of the court, that in 1845, the legal title to the lots in controversy had been divested out of the trustees of the town of Aberdeen, by a sale under the decree of the Chancery Court, and that it was afterwards vested in the defendant. The proceedings by which this was accomplished are charged in the bill to be fraudulent, and the facts upon which the charge of fraud is based are also stated, but it is unnecessary further to set them out.

*W. F. Dowd,* for appellant,

Contended that the bill was barred by the Statute of Limitations, and on this point cited *Trotter* v. *Erwin,* 27 Miss. R. 772.

No counsel appeared for appellee.

HANDY, J., delivered the opinion of the court.

This was a bill in chancery filed by the defendant in error, to subject certain town lots in the town of Aberdeen to the payment of the purchase-money.

The substance of the bill is, that in October, 1836, certain persons, who were trustees for the sale of town lots in the town of Aberdeen, sold the lots in controversy to one Coons, for the sum of eight hundred dollars, for which he executed two writings obligatory, with personal security, each for half the amount of the purchase-money, payable in twelve and twenty-four months respectively, the trustees giving their bond to make title on the payment of the purchase-money; that the first of these obligations, due 13th January, 1838, being unpaid, and the stockholders of the town of Aberdeen being indebted to the complainant, transferred that obligation to him on the 19th of January, 1843.

The bill then sets forth the proceedings under which the defendant, Littlejohn, derived title, alleging that the same were fraudulent and void, and that no title was acquired in virtue thereof by the defendant. It further states, that Coons transferred the title bond which he obtained from the trustees, to one Ball; and prays

that Coons and Ball be decreed to pay the amount due the complainant, and in default thereof, that the town lots be sold to pay the same; that the proceedings under which Littlejohn claims title be set aside as fraudulent, and that he be enjoined from prosecuting any suit to assert his title.

The defendant answered to the merits of the bill, and relied upon the Statute of Limitations of seven years, as a bar to the relief sought.

The decree was for the complainant, according to the prayer; and the defendant thereupon sued out his writ of error.

It is unnecessary to consider any other question in the case than the defence of the Statute of Limitations.

It appears that the sale, in virtue of which the complainant claimed, was made in the year 1836, and that the note for the purchase-money, which he seeks to enforce, became due in January, 1838, and was assigned to him in January, 1843. Conceding that he was entitled, under the circumstances of the case, to enforce the vendor's lien, which is very questionable, it is clear that the debt was barred by the Statute of Limitations; and it has been held by this court, that the right to enforce the vendor's lien is barred by the same lapse of time that would bar the debt. *Trotter* v. *Erwin*, 27 Miss. R. 772. The defence of limitation was, therefore, a good bar to the bill, and should have prevailed.

The decree is reversed, and the bill dismissed.