GEORGE W. ASH, ADM'R, &C., Respondent, *v.* JOHN M. HOLDER, Appellant.

*Vendors and Purchasers—Equity—Estoppel.*—An outstanding title purchased by a vendee of land in possession under a title bond, enures to the benefit of the vendor. In a suit upon the notes given for the consideration, the vendee cannot defeat a recovery upon the ground of failure of title, but will be allowed the cost and expenses of his purchase of such outstanding title.

*Appeal from Monroe Circuit Court.*

*Carr*, for appellant.

I. Generally an offer to return the property received is as effectual to rescind the contract as actually returning it. Upon this principle, then, the offer of the appellant to rescind the contract and deliver the possession of the land to the intestate is equivalent to an actual rescission ; and if so, then the appellant had the lawful right to buy in the title outstanding in the heirs of Lucy A. Dye, and when he did

so, the purchase did not enure to the benefit of the intestate. If the purchase were allowed to enure to the benefit of the intestate, it would be allowing him to take advantage of his own wrong, and rewarding him for his dishonesty. (Musson v. Bunot, 1 Denio, 69; Howard v. Cadwallader, 5 Blackf. 225; Chit. on Cont. 750; Price v. Evans, 26 Mo. 30; 11 Mo. 149; 9 Mo. 484.)

II. The petition is fatally defective in not averring that the respondent was ready and willing to perform the contract alleged in said petition and in not offering to perform it, and likewise in not averring that he had good title which he was ready and willing to convey to the appellant upon the payment of the purchase money. The petition does not state facts sufficient to constitute a cause of action in this respect, and hence the motion in arrest of judgment ought to have been sustained. (Bruce v. Tilson, 25 N. Y., p. 198, and authorities there cited; Washington & Turner v. Ogden, 1 Blackf. 450; Pomeroy v. Drury, 14 Barb. 418; Greene v. Reynolds, 2 Johns. 207; 10 Johns. 266.)

III. There is a defect of parties to this suit. The vendor having died, whatever title he had to the land in controversy descended to his heirs, and hence they were necessary parties, so that all the parties in interest might be before the court; and then whenever a decree of sale should be made and a sale made in pursuance of such decree, it would pass the whole title to the purchaser. (Sto. Eq. Pl., § 160; Morgan v. Morgan, 2 Wheat. 299; Perry's Adm'r et al. v. Roberts, 23 Mo. 221; Harrison v. Nixon, 11 Curt. 442; 9 Pet. 483; Carneal v. Banks, 6 Curt. 370; 10 Wheat. 181; Harding et al. v. Handy, 6 Curt. 529; 11 Wheat. 103.)

The decree rendered in this case is erroneous in ordering only the right, title and interest of the appellant in the land in controversy to be sold. It should have ordered the right, title and interest of the intestate to have been sold likewise.

*Hall & Oliver*, for respondent.

I. The petition is sufficient. This is simply a suit to col-

lect certain notes due plaintiff's intestate, and to subject to sale the interest of defendant in and to certain land, to satisfy the judgment upon the notes. The heirs of plaintiff's intestate had no interest in the subject matter of the suit, nor in the object of the suit; they were not necessary nor proper parties. (Sto. Eq. Pl. § 72, pp. 136–7.)

This is not a suit to enforce specific performance of a contract for the sale of land; but even in a suit for specific performance of such a contract, the heir or vendor is not a necessary party under our statute. (R. C. 1855, pp. 148–9, §§ 32, 42–3–4–5.)

II. It was not necessary for plaintiff to allege in his petition an offer to convey a title in his intestate to the land sold to defendant. The conveyance of the land was not a condition precedent to the payment of the purchase money. (Thompson v. Crutcher, 26 Mo. 321.)

III. The evidence shows that defendant has possession of the land, the sale of which was the consideration of the notes in suit; that he received that possession from the plaintiff's intestate in pursuance of said sale, and that he has never been disturbed in his possession. He cannot keep possession of the land and refuse to pay the purchase money. (Wallace v. Boston, 10 Mo. 662–3; Smith v. Busby, 15 Mo. 392; 2 Sug. on Ven., t. p. 15; 1 id. 262.)

IV. The defendant having purchased in the outstanding title to said land, rendered it impossible for plaintiff's intestate to perform his contract; and said intestate is therefore relieved from its performance. In all cases the promisor is discharged from liability if the promisee do any act which renders it impossible for the former to perform his agreement; and in such case the promisor stands in the same situation as though the performance of the contract had been perfected. (Chit. on Contr., 738.)

V. Defendant by purchasing in the outstanding title, as above stated, limited plaintiff's recovery on covenants in deeds to his intestate to the amount expended by defendant in purchasing said title, and justice requires that his recover-

ing against defendant should be limited to the same sum. (Raw. on Cov., p. 44; Lawless v. Collier, 19 Mo. 480.)

VI. Defendant having received possession of the land as aforesaid, and retained possession of the same, became a trustee for his vendor in buying the adverse title. The title thus purchased enures to the benefit of his vendor, and his vendor can only be compelled to refund or to allow to defendant the amount he paid for the said title. Defendant is not entitled to a rescission of the contract with plaintiff's intestate. (Galloway v. Finley, 12 Pet. 294–5.)

WAGNER, Judge, delivered the opinion of the court.

It is unnecessary to determine the point, extensively discussed in this case, as to whether the respective obligations relied on were in the nature of mutual, concurrent, or independent covenants. In view of the special facts, the question is unimportant. Appellant, by his own act, had precluded the respondent or his intestate from complying with the covenant contained in the title bond, by buying up the outstanding title and vesting it in himself. The material question is, whether a purchaser taking possession of premises under a bond for title, can, on discovering a defect in the title of his vendor, buy in the outstanding title and hold the same adversely. It is well settled that a vendee may dispute the title of the vendor after conveyance passed, because then he owes him no faith or allegiance; he holds adversely to him and all the world. But where there has been a sale, but no conveyance, the party taking possession under a bond for title cannot set up an outstanding title to defeat the vendor. The vendor and vendee are then said to stand in the relation of landlord and tenant. (2 Marsh, 242; 5 Yerger, 398; 3 Pet. 43; 12 Pet. 264.)

This is the general rule, though there are cases in which it has been varied. Its justice and propriety are strongly vindicated by the facts in this cause. At the appellant's instance and request the respondent's intestate purchased the land out of which this suit originated, and agreed to take it

Ash, Adm'r, v. Holder.

off his hands at the same price and on the same terms which he gave for it. The contract price was upwards of two thousand dollars. In pursuance of the agreement the appellant took possession of the land under a bond for title, and has been in quiet and undisturbed possession ever since. Upon discovering a defect in the title, he notified his vendor of its existence, who then gave notice to the person of whom he purchased. The latter made an unavailing effort to find the persons who held the legal title and purchase the same; afterwards appellant, on becoming acquainted with the residence of those in whom the legal title was vested, proceeded to acquire the same for the sum of three hundred dollars, without giving any notice to his vendor. Good faith and fair dealing will not support such a proceeding. He who seeks equity must do equity. The offer to rescind was of no consequence; the claim was not relinquished to the vendor, nor the possession abandoned. The money and the land could not both be retained.

The appellant insists that respondent's intestate was guilty of fraud in the sale of the lands; but if there is any fraud in the case, it is very evident it was not committed by the latter. The court allowed a credit of three hundred dollars on the notes, the amount paid in purchasing in the outstanding title, together with the expenses laid out and expended in procuring the same. This was as favorable for the appellant as could have been asked. The title acquired by the appellant enured to the benefit of the respondent's intestate, though it vested the legal title in the former. It may be considered the same as if a direct conveyance had passed between the parties. This being the case, the vendor in contemplation of law having complied with his contract, and the suit being simply for the sale of the land, we are not prepared to say that the heirs were indispensable parties.

The judgment is affirmed. The other judges concur.