LOCKWOOD v. HANNIBAL & ST. JOSEPH R. R. CO., APPELLANT.

1. **Lands**: SALE, RESCISSION OF: OUSTER IN PAIS. If a vendee of land, holding possession under an executory contract of sale, surrenders the possession to a stranger as owner of the paramount title without suit and in the face of the vendor's promise to make the title good, he can not afterwards demand a rescission of the contract.

2. **Swamp Lands, title to**: EVIDENCE. To show title to a tract of land in one claiming under the swamp land grant of Congress and the State Legislature (U. S. R. S. p. 456 §§ 2479–2481; Sess. Acts 1851 p. 238) it is not sufficient to prove that the tract was on the 28th day of September, 1850, swamp or overflowed land. There should be evidence that it has been selected or designated as such by State or Federal authority.

*Appeal from Livingston Circuit Court.*—Hon. Jonas J. Clark, Judge.

*James Carr* for appellant.

1. The petition does not allege that the respondent was evicted by title paramount, or that he surrendered or offered to surrender possession of the premises to appellant. Without one or the other of these facts existed he has no right to recover the purchase money. *Tompkins v. Hyatt*, 28 N. Y. 1; *Moore v. Smedburgh*, 8 Paige 600; *Bruce v. Tilson*, 25 N. Y. 198. Having gone into possession under an executory contract, he was under a legal obligation to restore possession to appellant when he discovered the defect in the title. If he had done so, he would now be in position to claim rescission of the contract; but instead

of this he voluntarily surrendered possession to the enemy of the appellant, and thereby put it out of his power to discharge this obligation. *Wallace v. Boston*, 10 Mo. 660 ; *Owens v. Rector*, 44 Mo. 389. He was in quiet and undisturbed possession, and might never have been disturbed. Time was quietly and steadily building him up a title. Why was he so anxious to surrender to Duell ? There is no allegation that he ever requested appellant to buy in or in any way to quiet the title after he discovered the defect. The sale of swamp lands was public. He could have bought it in himself and claimed a credit on his contract with appellant; but he took no step to protect his title. His own deposition shows that he acted in collusion with Duell. 2. There was no evidence that said land had ever been selected by the State or Livingston county and reported to the commissioner of the General Land Office under the act of Congress in regard to swamp lands, or that any list or plat thereof had ever been made out by the Secretary of the Interior and transmitted to the Governor of the State.

*H. M. Pollard* for respondent.

The swamp land grant was a present grant, vesting the title absolutely in the State without any selection. *Smith v. R. R. Co.*, 9 Wall. 95 ; *Campell v. Wortman*, 58 Mo. 258 ; *Clarkson v. Buchanan*, 53 Mo. 563. Plaintiff was not obliged to wait till he was ejected. He can sue for breach of covenant, or to rescind the contract at any time when he discovers that the paramount title is outstanding or that his grantor can not fulfill his contract. All he need do is to show that defendant had not the title. Sugden on Vendors, pp. 8, 244–5, 282–3, and 288. Hilliard on Vendors, pp. 8, 35, 223, 300 § 20, 301 § 21 ; Rawle on Covenants, 604 ; *Washington v. Ogden*, 1 Black 450. The covenants were not concurrent and the vendee had a right to rescind at any time and after any payment, provided the vendor was unable to comply with his covenants. See *Butler v. Manny*, 52 Mo. 506 ;

Parsons on Contracts, Vol. 3, 406–7–8; Vol. 2, 678–80. The plaintiff did all in his power to put defendant into possession. He demanded back his money and offered to rescind and offered to keep the land if defendant would make a good title. Defendant stood still and did nothing but let plaintiff be sold out and never tried to protect him. Neither was he bound to surrender possession; he had a right to rely on defendant's promise to protect him.

HOUGH, J.—On the fifth day of January, 1869, the plaintiff entered into a written contract with the defendant for the purchase of a certain tract of land in the county of Livingston, containing forty acres, at the price of ten dollars per acre, to be paid for in ten annual installments, upon the payment of which the defendant bound itself to execute to the plaintiff, his heirs or assigns, a deed therefor conveying the fee with the usual covenant of warranty. On the 7th day of May, 1869, another contract was entered into between the plaintiff and defendant for the purchase by plaintiff of a certain other tract in said county, containing eighty acres, at the price and on the terms stated in the first contract. Plaintiff went into possession of both tracts under and in pursuance of said contracts. After the payment of one installment of the purchase money, the plaintiff having heard that the lands purchased by him were not the property of the defendant, but belonged to the county of Livingston, as a part of the swamp land grant, so informed the defendant, and defendant replied that it would make the title good. In May, 1871, both of the tracts purchased by the plaintiff were sold by the county of Livingston as swamp lands, and one H. S. Duell became the purchaser, to whom, as owner of the paramount title, the plaintiff surrendered possession without suit, and so far as the record shows, without demand made therefor. There was testimony tending to show that the lands in question were swamp lands, but there was no testimony tending to show that the same were ever selected, or other-

wise designated, as such under the Act of Congress of September 28th, 1850, either by the State or the Federal authorities. The plaintiff testified in regard to the sale of these lands by the county, as follows: "I wanted to have him (Duell) buy them, him or some one else, I should say, besides the railroad company. I had spoken to Mr. Duell about buying them, had spoken to others about it, from the fact that they were to be sold at much less figures than I was to pay the railroad company." In September, 1872, the plaintiff instituted the present suit for the rescission of the two contracts before mentioned, on the ground that the defendant had no title to the lands sold. The circuit court rescinded the contracts and gave the plaintiff judgment for the portion of the purchase money paid by him, and the defendant has appealed.

We are not aware of any case in which it has been held that a vendee of land holding possession under an executory contract of sale, may suffer what is known as an *ouster in pais,* and then ask for a rescission of the contract. In such case the vendee would by his own act render impossible the mutual restoration necessary to rescission. *Smith v. Busby,* 15 Mo. 387. And it may be that the relation of vendor and vendee, which in an executory contract is held to be equivalent to that of landlord and tenant, would render the voluntary surrender of possession by the latter to a stranger, even after a demand made by him, ineffectual for any purpose, as against his vendor. *Ash, adm'r v. Holder,* 36 Mo. 163. The extract made from the plaintiff's testimony does not evince that good faith on his part, which should have characterized the conduct of one in his situation.

The stipulations for the payment of the purchase money and the making of the deed were not dependent but independent undertakings, and, conceding that the title was in the county, it does not appear but that the defendant might acquire the same in time to perform its contract. The facts stated in the record would certainly have con-

stituted no defense to an action by the defendant for the annual installments of the purchase money, which were due when this suit was instituted; *Smith v. Busby*, 15 Mo. 387; *Harvey v. Morris*, 63 Mo. 475. And if a suit for rescission by the vendee can only be maintained in cases where such vendee might, as defendant, successfully resist an action against him on the notes for the purchase money, then it is plain that, on the case made, the plaintiff was not entitled to relief. But even if it be conceded for the sake of argument, that the doctrine of *ouster in pais* can be invoked in a case like the present, still it does not appear that the title to the lands in question was in the county of Livingston. It did not suffice for the purpose of showing title in the county, to show simply that the lands in question were swamp lands. Although the Act of Congress of September 28th, 1850 has been several times declared to constitute a present grant, yet in the case of the *R. R. Co. v. Fremont County*, 9 Wall. 89, and in every case decided by this court where the title has been held to be vested in the county under the provisions of said act and by virtue of State legislation, there was some selection, or designation, by State or Federal authority, of the subject matter of the grant. In the case at bar, no such selection, or designation, was ever made. *Morgan v. Han. & St. Joe R. R. Co.*, 63 Mo. 129. For the foregoing reasons the judgment will be reversed and the cause remanded. The other judges concur, except Judges NORTON and HENRY, who were not members of the court when this cause was submitted.

REVERSED.