ADAIR v. ADAIR, *Plaintiff in Error.*

1. **Statute of Frauds**: PART PERFORMANCE. Taking possession of land under a verbal contract of purchase, reception of the products thereof, and payment of part of the purchase money, constitute a sufficient part performance to take the transaction out of the statute of frauds.

2. **Vendor's Lien**: STATUTE OF LIMITATIONS. Where the vendor has delivered possession to the vendee, but retains the legal title under a contract to deliver a deed when the purchase money is fully paid, the holding of the vendee will not be deemed adverse, and the statute of limitations will not begin to run in his favor until he has made full payment.

3. ———: ———: WAIVER. In a suit to enforce a vendor's lien upon land, the legal title to which the vendor retained in himself, the vendee pleaded the statute of limitations. He also pleaded that he had made full payment and demanded a deed, but the vendor had refused to deliver one, and prayed for general relief. *Held,* that this latter plea and prayer constituted a waiver of the plea of limitation.

4. **Vendor and Vendee**: ESTOPPEL. A purchaser at executor's sale cannot at the same time claim under the sale and also plead that the sale was not made in accordance with the order of court.

*Error to Morgan Circuit Court.*—HON. E. L. EDWARDS,
Judge.

AFFIRMED.

*A. W. Anthony* for plaintiff in error.

*Draffen & Williams* and *B. R. Richardson* for defendant in error.

MARTIN, C.—This was a suit in equity, commenced on the 20th day of March, 1879, which had for its object the enforcement of a vendor's contract security for the purchase money of land sold by him but not deeded. The plaintiff, as executor of his father's will, had been authorized by decree of court to make sale of the real estate devised by the testator, collect the proceeds thereof and make distribution among the heirs or devisees, who were quite numerous. It

is alleged in the petition that, in pursuance of the decree, he made sale of certain tracts of the land to the defendant, who was his brother, being one of the heirs of the testator, on the 13th day of April, 1864; that the consideration price was $1,730, and that it was agreed at the time of the sale that the defendant, instead of paying down all in cash, might settle with the heirs or devisees for their respective portions of the purchase money, and produce to plaintiff their receipts therefor, which should be accepted by plaintiff in lieu of cash and credited on the purchase price; that in pursuance of this agreement the defendant paid a number of said shares; but that the precise amount so paid was unknown to plaintiff; that the defendant refused to settle and turn over the receipts so taken; that the amount of purchase money remaining unpaid is $600, for which judgment is asked against the land, and that defendant's equity therein be foreclosed, and for all proper relief.

The amended answer admits the agreement and contract of purchase as stated, and denies all other matter. It also contains a plea of the statute of frauds together with a plea of the statute of limitations. The answer sets up special matters of defense consisting of an alleged agreement on the part of plaintiff to pay all taxes due on the real estate along with such as should accrue before delivery of deed; that defendant had paid all the purchase money and demanded a deed, which the plaintiff refused to deliver; that plaintiff failed to pay the taxes as agreed, and that defendant had been compelled to pay $300 to settle outstanding claims for taxes, which claims were paid at the request of plaintiff. The answer contains a prayer for a judgment for the amount expended for taxes and for such other orders and judgments as may seem right and proper in the premises. To this new matter the plaintiff made reply putting the same in issue.

There was no controversy at the trial about the main features of the contract of sale as alleged by plaintiff. It appears that defendant was to pay the $1,730 for the land;

that he was to have the privilege of settling with the heirs for their respective portions, and to turn their receipts over to the plaintiff in lieu of cash, so that he might use them in his settlements in the probate court; that the deed was to be retained until full payment should be made of the purchase money or settlement by production of receipts; that the defendant entered into possession of the land, paid most of the purchase money in pursuance of the agreement; and has used and enjoyed the land as his own, receiving its profits and products up to the present time; that defendant had paid the taxes claimed to have been paid by him, receiving therefor a quit-claim deed from the holder of the tax claim.

It appears that the last payment on account of the purchase money was made on the 10th day of March, 1869, being ten years and ten days before the institution of this suit. It also appears that a short time before the institution of the suit, the plaintiff endeavored to settle with the defendant, and that in the interview or accounting which took place they disagreed about the amount which the defendant claimed to have paid and about the item of taxes. The defendant claimed to have made some payments which plaintiff would not admit, but he did not repudiate or deny the contract under which he purchased or the relation which it established between him and the plaintiff in respect to the land. It also appears that the plaintiff executed a deed for defendant and was ready to deliver it as soon as settlement for the purchase money should be had. A deed to that effect was tendered in court. There was a conflict of evidence as to the plaintiff's promise to pay taxes; a conflict also as to two or three payments claimed to have been made to the heirs. Upon the evidence the court found in favor of the plaintiff and entered a decree in the sum of $698.48 against the land as a lien in favor of plaintiff, and ordered that it be enforced by sale of the land. No personal judgment against the defendant was given. The case comes here by writ of error to this action of the court.

Adair v. Adair.

The first objection to the decree is, that the contract enforced was within the statute of frauds. Under the 1. STATUTE OF FRAUDS: part performance. decisions of this court the objection cannot be sustained. The contract for the sale of the land was executory. The defendant took possession under it, paid most of the purchase money and received to his own use the profits and products of the land. These facts constitute sufficient part performance to take the transaction out of the statute. *Tatum v. Brooker* 51 Mo. 148; *Price v. Hart*, 29 Mo. 171; *Charpiot v. Sigerson*, 25 Mo. 63.

The objection founded on the statute of limitations presents more difficulty. No promissory note or written 2. VENDOR'S LIEN: statute of limitations. obligation represents the debt, therefore, an action at law to collect it as a personal demand is barred in five years. If the plaintiff had nothing more by way of security than a vendor's lien, a question might occur whether it had any existence after the period of limitation which bars an action on the debt. It has been held in New York, and in some other states, that a vendor's lien which is not evidenced by any deed or supported by any title, is a mere creature of equity, incident to the debt, and that it has no existence after the right of action on the debt is barred. *Borst v. Corey*, 15 N. Y. 505; *Trotter v. Erwin*, 27 Miss. 772; *Littlejohn v. Gordon*, 32 Miss. 235. But it is unnecessary to express any opinion on this point, for the reason that the plaintiff's right is not raised by implication of law but rests upon a title which he retains in himself for the purpose of preserving and enforcing it. This peculiar lien is often referred to as a vendor's lien, for convenience of expression, as it seems to have no definition of its own. In *Adams v. Cowherd*, 30 Mo. 458, a case in which the vendor had retained the legal title after giving out a contract to sell in form of a title bond, Judge Scott says: "It is obvious that the vendor who retains his legal title and merely gives a bond to convey, is in a very different situation in regard to the land he has sold, than he who

has made an absolute conveyance conveying away the legal title. Where the vendor retains the legal title, the transaction on its face shows that he intends to hold such title as a security. It is just the same as if the vendor had conveyed the land and afterward taken a re-conveyance by way of mortgage to secure the payment of the purchase money." See also to the same effect *Strickland v. Summerville*, 55 Mo. 165.

Now, it seems to me, that a vendor with the legal title reserved, is in a stronger position than either an equitable lien holder or mortgagee, for the reason that he depends upon an unbroken legal title which he has not assumed to part with, but expressly holds for his security. Certainly so far as the statute of limitation is concerned, he is in a stronger position for the simple reason that his contract of sale remains executory. As long as the contract of sale is executory on both sides, the vendee occupies a subordinate relation, which has been likened to the relation between landlord and tenant. *Ash v. Holder*, 36 Mo. 163; *Lockwood v. Railroad Co.*, 65 Mo. 233. It is only in favor of the party who has fully performed the executory contract the statute will vouchsafe the advantages of an adverse holding. *Tibeau v. Tibeau*, 19 Mo. 78; *Ridgeway v. Holliday*, 59 Mo. 444. Until the vendee could prove that he had performed the contract on his part by payment of the whole purchase money, the statute would not start to run, and he would remain subject to the subordinate relation imposed upon him by the executory contract, which would fall short of an adverse holding. A plea of the statute of limitation in a suit by the vendor to enforce his right to the unpaid purchase money against the vendee, or against the land, might possibly operate as a rescission of the contract of sale, but it would not help the vendee to acquire the legal title, which the vendor had retained for his security. The plea of the statute which defeats the plaintiff's right to the purchase money, is not regarded in equity as equivalent to the plea of payment, which recognizes the contract of sale and en-

titles the vendee to performance of it by the vendor in a conveyance of the title held by him.

It is unnecessary to consider in this case whether a mortgagee under the recent decisions of this court, which regard the statute of limitation as applying to all actions against realty whether equitable or legal, could either in equity or law enforce his demand against the realty covered by his mortgage, after the lapse of ten years, notwithstanding intimations to that effect in *Chouteau v. Burlando*, 20 Mo. 482, and *Wood v. Augustine*, 61 Mo. 46. See *Hunter v. Hunter*, 50 Mo. 445; *Rogers v. Brown*, 61 Mo. 187. The position of the plaintiff is not that of a mortgagee who has parted with his title and seeks to enforce an unpaid mortgage against another man's legal estate. He retains the legal estate, sets out an executory contract and alleges non-performance of it on the part of the purchaser. The purchaser admits the contract and that the legal title is in the vendor; does not ask for a rescission of it; takes issue with the vendor on the fact of full performance by payment of the purchase money, is beaten on that issue and found to have not paid it all by about $700.

Moreover, in his answer he pleads not only payment of the purchase money which would entitle him to a deed, but he alleges a refusal on the part of the vendor to deliver one, and concludes with a prayer for general relief, which is equivalent to a prayer for compelling the vendor to complete the contract by delivery of deed, if the fact of payment should warrant and entitle him to such a decree. He cannot plead the statute of limitation, which would rescind the contract and leave the title in the plaintiff, and at the same time insist on having performed it on his part, which entitles him to a deed, and ask to have the title taken out of the plaintiff and vested in him by delivery of a deed. The facts alleged in his answer along with his prayer for relief, constitute a waiver of the plea of the statute.

As to the finding of the court on the facts of the case

about the unpaid purchase money, and the supposed promise of plaintiff to pay taxes, I have only to say that it is in my opinion well warranted by the evidence, and ought not to be disturbed by the appellate court.

The defendant objects that the terms of sale which were entered into between him and the plaintiff were not in compliance with the order of the court authorizing the sale. After acquiring possession and claiming title in pursuance of such terms, he cannot be allowed to impeach the sale on account of any discrepancy between them and the order of the court.

4. VENDOR AND VENDEE: estoppel:

The judgment is affirmed. All the commissioners concur. NORTON, J., concurred in the result.