T. J. WHITLOCK, Appellant, v. D. D. APPLEBY *et al.*, Respondents.

### St. Louis Court of Appeals, April 19, 1892.

1. **Practice, Appellate:** MATTERS OF FACT. In reviewing the judgment in an action at law, this court cannot treat a fact as established, when it is not conceded by the evidence nor found by the verdict.

2. **Res Adjudicata:** PREMATURE ACTION. *Held, arguendo,* that when a recovery on a note is defeated on the ground that the plaintiff has failed to supply a requisite consideration, the judgment will not debar his right of recovery in a subsequent action on the note, if such consideration is supplied by him after the rendition of the judgment; the first action will in such case be treated like one prematurely commenced.

*Appeal from the Greene Circuit Court.*

AFFIRMED.

*Goode & Cravens,* for appellant.

*Hamlin & Hamlin,* for respondents.

ROMBAUER, P. J.—This is a suit upon a promissory note for $300, brought by the payee against the maker and his sureties. The defense set up is the failure of consideration in this, that the said $300 represented

the purchase price of a house and lot, for which the plaintiff agreed to make a deed to the defendant, and that he never made such deed. The plaintiff by reply denied that the consideration of the note was as stated in the defendant's answer, and furthermore stated that the note was given to the plaintiff as a balance due on a stock of goods and storehouse sold to the defendant by plaintiff. Upon the issues thus framed the cause was tried by a jury, the trial resulting in a verdict for the defendants.

The defendants introduced evidence tending to support the allegations of their answer. On cross-examination of the defendant maker, it appeared that he collected rent from the house, but it did not appear otherwise that he was in possession thereof, nor did it appear in any part of the case, except by conjecture, that he was in possession under plaintiff or had obtained possession from him under the contract of sale. The plaintiff introduced evidence tending to show that he never agreed to make a deed for the lot to the defendant maker; that he had no legal title to the lot, and the defendant knew it; and that he only agreed to procure a deed for the lot to the defendant from the true owner. The plaintiff also gave evidence tending to show that no separate valuation of the house and lot was made in the sale. This being in substance all the evidence, the court, upon the plaintiff's request, gave the following instructions: "1. The court instructs the jury that, unless they believe from the evidence that plaintiff, T. J. Whitlock, agreed to make a deed to the house and lot described in defendant's answer to the defendant, D. D. Appleby, as the consideration of defendant's note to said T. J. Whitlock, they will find the issue for the plaintiff.

"2. The court instructs the jury that the burden of proof in this case is on the defendants, and, unless

the jury believe that the defendants have established their defense of failure of consideration by a preponderance of the testimony, you will find the issues for the plaintiff.

"3. The jury are instructed that, if they find the issues for the plaintiff, they will so state in their verdict, and assess his damages at three hundred and seventy dollars and ninety-five cents ($370.95)."

Upon the defendant's request the court instructed the jury as follows: "1. The court instructs the jury that it is admitted in this case that the plaintiff has not made to the defendant a deed to the property in controversy.

"2. The court instructs the jury that, if you believe from a preponderance of the evidence in this case that plaintiff sold to the defendant, D. D. Appleby, his interest in a stock of goods and a storehouse and lot situated at Huntsmill, for the price and sum of $1,400, and that plaintiff did, at the time of the sale, or subsequent to the sale, promise the defendant to make him a deed to this lot and house, and that in said sale said house and lot was put in to this defendant at $300 or more, and that the note in suit was given for the balance of said $1,400, and that that balance represented the money due on said house and lot, the goods having already been paid for, and that the plaintiff promised to make said deed, then you will find the issues in this case for the defendants."

The plaintiff now contends that the error in these instructions consisted in submitting to the jury an immaterial issue. It will be seen, however, that the instructions submitted to the jury the only issue that was made by the pleadings. It has always been the law of this state that it is error to submit to the jury an issue of fact, concerning which no allegation is made in the pleadings. The trial issues must be within the

paper issues. *Fulkerson v. Thornton*, 68 Mo. 468; *Kenney v. Railroad*, 70 Mo. 252; *Melvin v. Railroad*, 89 Mo. 106; *Rothschild v. Frensdorf*, 21 Mo. App. 318.

The argument of the plaintiff, that the issues submitted were immaterial, rests upon the propositions decided in *Smith v. Busby*, 15 Mo. 387, and *Harvey v. Morris*, 63 Mo. 475, that, regardless of the fact whether plaintiff agreed to make a deed or not, defendant cannot resist the payment of the purchase money while he retains the possession of the property which he acquired of the plaintiff. The vice of this argument consists in the fact, that no such issue is made in the pleadings; nor does it even conclusively appear from the defendant's evidence that he acquired possession from the plaintiff, and, outside of the defendant's statement that he collected rent from the property, there is even no evidence that he ever was in possession of the property, much less that he was in possession under the plaintiff. Even if the issues had been made by the pleadings, we could not reverse a judgment upon the facts, unless it appeared that upon conceded facts the judgment was erroneous as a matter of law. If the plaintiff had sought a recovery on the theory, that the defendant went into possession under him, and under the contract of sale, and still retains the possession, and there were evidence tending to show these facts, he would have been bound to submit the evidence to the jury by instructions, before he could claim reversible error. Had the plaintiff by reply tendered the issue, that the defendant could not defend against the note while he retained possession of the property, which the plaintiff had delivered to him as consideration for the note, the defendant might have shown in avoidance that he was not in possession of the property at all, or in possession under some one else, or he might have surrendered the possession, and thus defeated a recovery of the purchase money.

The further point is made by the plaintiff that, if the present judgment is permitted to stand, the defendant will retain possession of the property, which forms the consideration of the note, without paying anything to plaintiff therefor in return. This argument is based on the erroneous conception that the evidence concedes that the defendant retains a possession which he has acquired from the plaintiff. That such is not the fact, we have shown above. That there is some testimony tending inferentially to show that fact we concede, but that only shows that the verdict may lead to inequitable results, and not that error has intervened in the trial of the cause. We can reverse judgments for legal errors only, and cannot reverse them because there is a probability that they are unjust in their results. But the plaintiff's fears are in other respects groundless. A former judgment constitutes no defense to a cause of action accruing between the same parties and upon the same subject-matter *after its rendition*. All that the jury found is that plaintiff agreed to give defendant a deed, and that there was a failure of consideration of the note *on that account* at the last trial. That consideration, as the evidence shows, the plaintiff is still at liberty to supply, and the judgment does not stand in the way of his recovery *after he has supplied it*. The case is the same in principle as that of a failure of recovery upon an unmatured demand. A judgment in such a suit is no bar to a recovery upon the demand after its maturity. Wells on Res Adjudicata, sec. 454; *McFarlane v. Cushman*, 21 Wis. 401; *Crabtree v. Welles*, 19 Ill. 55. All that the plaintiff has to do is to procure and deliver the deed in question, and having done so, he may still enforce his note.

All the judges concurring, the judgment is affirmed. It is so ordered.