Burks, J.,
delivered the opinion of the court.
Mrs. Sarah G. Smith, as executrix of her late husband Francis L. Smith, one of the trustees in- the fourth mortgage or deed of trust of the Orange and Alexandria railroad company, filed her petition in this cause in the court below, alleging that a large number of bonds were issued under said mortgage, all of which were signed by the said F. L. Smith as such trustee, which occupied and consumed a large portion of time,, and that he discharged other duties and responsibilities as such trustee; that it is usual and customary to pay trustees under railroad mortgages for similar services : that nothing was ever paid to the petitioner, or to the said Francis L. Smith, for his said services as trustee, although, as alleged, he was entitled to have received large sums of money therefor. The prayer is for an enquiry as to the amount the said F. L. Smith was entitled to and should have received for his said services as trustee, and for an order directing the pay *619 ment of the amount to the petitioner hy the receiver out of the accruing profits and rents of the property under his charge.
The commissioner, to whom the petition was referred, reported in favor of allowing the claim, and fixed the amount at $1,560.
To this allowance, the Baltimore and Ohio railroad company, and other bondholders, filed three exceptions :
“1. Because the said claim is barred by the act of limitations.
“ 2. Because it is not customary to pay for such services in this State, and no other of the trustees under any of the mortgages covering said road has made any claim for similar compensation, or has ever been paid any.
“ 3. Said claim, even if allowed, is not a lien upon the corpus of said road or its revenues in the hands of the receiver.”
The circuit court was of opinion that the claim of the petitioner was barred hy the act of limitations, and therefore sustained the first of the exceptions; and, without passing upon the others, dismissed the petition.
The exceptions, in the form in which they were taken, virtually concede that the services were rendered as alleged, and assuming that Mr. Smith had a valid claim therefor upon the company, the question is, without reference to the amount, whether the claim is barred hy the act of limitations.
"We áre decidedly of opinion, that it is not barred. The claim is for services as trustee under the mortgage or deed of trust, is a part of the expenses of the trust, and is as effectually secured hy the deed as the loan evidenced hy the bonds provided for. In the event of sale by the trustees for default, it is expressly provided, *620 that “ out of the proceeds of sale, the said trustees, or the survivors or survivor of them, shall, after satisfying the costs and expenses of sale and of this trust, pay to the holders of said bonds the amount so held by them/’ &c.
It may be, that the remedy at law by personal action against the company is barred; but, if so, it by no means follows, that the specific lien created by the deed of trust is therefore extinguished, and the equitable remedy for its enforcement by foreclosure taken away. The generally received doctrine is, that the statute bars the remedí/, but does not extinguish the debt; and if the debt be secured by mortgage, though an action at law for its recovery be barred, the lien of the mortgage continues, and is not affected by any lapse of time short of the period sufficient to raise the presumption of payment. The same doctrine applies to the lien of a vendor of real estate retaining the title as a security for the purchase money. This court so decided in Hanna v. Wilson, 3 Gratt. 242. And in the recent case of Coles v. Withers, supra 186, Judge Staples points out the distinction between the mere personal obligation of the debtor and the security furnished by a reserved lien or mortgage; and it clearly results1 from the principles laid down in that case, that there may be a loss of remedy on the personal contract by lapse of time and yet the security provided by the mortgage not be impaired.
The law is thus stated by Warner, J. in delivering the opinion of the supreme court of Georgia in Elkins v. Edwards 8 Geo. R. 325-326: “ When a mortgage has been taken to secure the payment of a promissory note [it would be the same if the promise was not in writing], and the remedy on the note is barred by the statute of limitations, is the remedy on the mortgage also barred? We think not, for the reason that the *621 creditor stipulated, by contract, for two remedies against liis debtor, to enforce the collection of his demand. One remedy was by suit on the note, having obtained judgment for the amount of the note, such judgment would bind all the property of the defendant. The other remedy was upon the mortgage by petition and foreclosure, in the manner pointed out by the statute. By this latter remedy, the creditor can sell the mortgaged property in satisfaction of his debts. Although the remedy on the note may be barred, after the expiration of six years, yet the debt is not extinguished.”
To the same effect are the authorities generally. See Thayer v. Mann, 19 Pick. R. 535; Pratt v. Huggins, 29 Barb. R. 277; Borst v. Corey, 15 N. Y. R. 505-510; Belknap v. Gleason, 11 Conn. R. 160; Miller v. Trustees of Jefferson College, 5 Smedes & Marshall R. 651; Trotter v. Erwin, 27 Miss. R. 772; Nevitt v. Bacon & als. 32 Id. 212; Joy v. Adams, 26 Maine R. 330; Wiswell v. Baxter, 20 Wisc. R. 713; Cookes v. Culberton, 9 Nev. R. 199; Angell on Limitations 73—74; 3 Parsons on Contracts 99-100.
The second and third exceptions were not passed upon by the circuit court. The former presents a question of fact, which may be varied by further enquiry and additional evidence, if furnished, and therefore we do not deem it proper to express any opinion upon it. But as the latter raises merely the question of the proper construction of the deed, we do not regard it as out of place to say, that in our opinion, the petitioners claim, if decided to be established, is payable according to the terms of the deed out of the proceeds of sale of the mortgaged subject, and has precedence over the bond debts secured by said deed. But while it is accorded this priority, the security is subordinate to the three prior mortgages *622 on the same subject, and they must be satisfied before any of the proceeds of sale can be applied to this claim. If, on the sale of the subject, after satisfying the prior mortgages, any of the proceeds remain for the bondholders secured by the fourth mortgage, the petitioner’s claim, if established, will be payable out of such proceeds-before any portion thereof shall be applied to the secured debts of said last named bondholders.
For the reasons stated, the decree of the circuit court, so far as it relates to the appellant’s claim, will be reversed, and the cause will be remanded for further proceedings as soon as the other appeals from the said decree now pending in this court have been disposed of.
The decree was as follows :
The court having maturely considered the transcript of the record of the decree aforesaid and the arguments of counsel, without deciding whether or not the claim of the appellant as set forth in her petition filed in this cause in the said circuit court has been established by the proofs, (the said circuit court not having passed on that question in the said decree,) is of opinion that the said claim, if the same shall be decided to be established, is not barred by the act of limitations, and is secured by the fourth mortgage or deed of trust in the proceedings mentioned, to be paid out of the proceeds of the sale of the mortgaged subject, and has precedence over the bond debts secured by said deed; but, while it is accorded this priority, the security is subordinate to the three prior mortgages or deeds of trust, and they must be satisfied before any of the proceeds of sale shall be applied to said claim; and, if on the sale of the subject, any of the proceeds, after satisfying the prior mortgages or deeds of trust, remain for the bondholders secured by the fourth mortgage or *623 deed of trust, the said claim of the appellant, if established, should be paid out of said proceeds before any portion thereof shall be applied to the secured of the said last-mentioned bondholders.
And the court is further of opinion, that so much of said decree as relates to the appellant’s claim, to-wit, paragraph “XXI” of said decree, is erroneous; therefore it is decreed and ordered, that so much of the said decree as is hereinbefore declared to be erroneous, to-wit, paragraph twenty-one aforesaid, be reversed and annulled, and that the appellant recover her costs by her expended in the prosecution of the appeal aforesaid here, to be paid out of any funds in this cause under the control of the said circuit court. And this court now proceeding to render such decree as the said circuit court ought to have rendered, in lieu of so much of the decree first aforesaid, as has been hereinbefore reversed, it is further decreed and ordered, that of the exceptions filed by the Baltimore and Ohio railroad company, and other bondholders, to Commissioner Shepperd’s report, so far as the same relates to the appellant’s claim, the first and also the third, so far as the latter is inconsistent with the opinion of this court hereinbefore expressed, be overruled, this court not passing upon any question raised by the second of said exceptions, the said circuit court not having passed on the same; and it is further decreed and ordered, that this cause be remanded to the said circuit court for further proceedings to be had therein touching the appellant’s claim aforesaid, in order to final decree, in conformity with the opinion and principles herein-before expressed and declared.
Decree reversed.

Note.—This and the two following cases are branches of the previous case of Gibert v. Washington City, Virginia Midland and Great Southern Railroad Company; and although they were decided at subsequent terms of the court it is thought best to bring them together.