————o————

JAMES G. TATUM, Defendant in Error, *vs.* JOHN BROOKER, Plaintiff in Error.

1. *Statute of fraud—Mem. in writing—Part performance.*—Where the vendee of real estate took possession and worked the property as his own under the contract of purchase, and appropriated the proceeds to his own use, he would be bound for the purchase money without the necessity of any writing. There would in that case be such part performance as to take it out of the statute of frauds.

*Error to St. Charles Circuit Court.*

*E. A. Lewis,* for Plaintiff in Error.

*King & McDearmon,* for Defendant in Error.

ADAMS, Judge, delivered the opinion of the court.

The plaintiff sued for the purchase money of a gold mining claim in Montana Territory, which he alleged he sold to the

defendant for the price of seven hundred dollars in gold dust, claiming the value thereof to be one thousand and fifteen dollars, for which he asked judgment.

The defendant denied the sale and all the allegations in plaintiff's petition. The case was tried before the court sitting as a jury. The testimony was conflicting as to the character of the sale. For the plaintiff it was maintained that the sale was absolute, while the defendant endeavored to show that it was conditioned on the production of the amount of the price out of the mine, and this being found hopeless the sale was mutually released and abandoned by the parties.

No deed or other instrument of writing was executed by either party, but defendant was put into possession of the mine under the contract of sale, and worked it for a length of time as his own, obtaining ore therefrom, but not in paying quantities. It was also in evidence that the defendant paid the plaintiff thirty-five dollars of the purchase money.

The plaintiff undertook to prove by witness, not being professional experts nor having held official position in Montana, that by the custom among the miners in that Territory, no deed was necessary to transfer a mining claim; that " it was not considered real estate." The defendant objected to this testimony as not being the proper method of proving the laws of the Territory.

The defendant prayed the court for an instruction to the effect, that if there was no note or memorandum in writing of the alleged sale, signed by the defendant or some one by him thereto lawfully authorized, the plaintiff could not recover. This instruction was refused and the defendant excepted.

The point mainly relied on here for reversal, is the refusal of this instruction.

For the purpose of this case it may be conceded that a mining claim in Montana is real estate, and that the statute of frauds was in full force in that territory when this contract was made. In my judgment the evidence shows a sufficient part performance to take the case out of the statute. The defendant took possession and worked the mine as his own under

the contract of purchase, and appropriated the proceeds of the mine to his own use and paid part of the purchase money.

It has never been held in this State, that a vendee must sign a note or memorandum in writing in order to bind him to pay the purchase money. His verbal promise to pay the purchase money is binding if supported by a sufficient consideration, and the contract of sale be signed by the vendor alone, or there be such part performance as to take it out of the statute of frauds.

The question whether the plaintiff ought to have been permitted to recover without first making or tendering a deed, was not relied on as a defense and need not be discussed here.

As the contract was taken out of the statute of frauds by part performance, it is unnecessary to pass upon the competency of the witnesses introduced to prove the laws of Montana. Whether the statute of frauds was in force there or not under the view taken of this case, the judgment was for the right party.

Judgment affirmed. Judge Wagner concurs. Judge Bliss absent.