IN RE BISCHOFF & STUMPF; JOHN STUMPF, Appellant.

### June 14, 1881.

1. If the exclusion of competent testimony cannot have prejudiced the appellant, it furnishes no sufficient ground for a reversal.

2. To furnish ground for a reversal on the ground of the exclusion of testimony, it must be shown that the evidence was material as well as competent.

3. Where nothing from which the scope or character of the testimony sought to be elicited from a witness who was refused permission to testify, appears, such exclusion of the witness is not sufficient ground for a reversal.

APPEAL from the St. Louis Circuit Court, THAYER, J.
*Affirmed.*

FINKELNBURG & RASSIEUR, for the appellant.

R. Schulenburg and L. Gottschalk, *contra*.

Bakewell, J., delivered the opinion of the court.

John Stumpf administered upon the partnership estate of Bischoff & Stumpf, who seem to have been civil engineers. At the December term, 1879, of the Probate Court, exceptions of the administratrix of Bischoff's estate to some items of the final settlement of the partnership estate were sustained, and Stumpf appealed. On trial anew in the Circuit Court, the court sustained the second exception, which was to a charge against the estate for wages of J. George Stumpf, a minor son of appellant, and disallowed the charge altogether. The surviving partner moved for a new trial, on the ground that the second exception should have been overruled on the evidence, and that the court improperly excluded competent evidence offered for the surviving partner, especially in excluding the surviving partner from testifying. As no other grounds were alleged, we need not notice the finding of the trial court on the other exceptions.

The only point insisted upon in this court in the brief of counsel for appellant, is the exclusion of the testimony of the surviving partner.

The finding as to the second exception was, we think, fully supported by the evidence. John George Stumpf, the boy whose services are in question, testified that he was in the employ of the firm as a field hand and occasional collector, from June, 1871, to some time in June, 1875. The charge is $2,410, which seems to be at the rate of $50 a month. The boy was born in 1856. The witnesses for the administratrix testify that the services of a boy as a field hand would not be worth half that; that boys in an engineer's office can be had to work as a field hand for nothing, to learn the business; that men employed as field hands are worth, by the year or month, from $2 to $2.50 a day; that the business of Bischoff & Stumpf would not

justify the employment of field hands by the year or month. Young Stumpf says that his father and Bischoff promised to pay him as hands in the city engineer's office were paid. But he worked four years without receiving anything, except a little change from his father occasionally, and Bischoff's son, a boy younger than Stumpf, says that, during most of the same period, he did the same work as young Stumpf for the firm, and received nothing but some pocket-money now and then from his father. No account was opened on the books with young Stumpf, and it is shown that nothing was said about anything due him by the firm for wages, when the books were settled up by an accountant and Stumpf, after Bischoff's death; nor until some time after Bischoff's death. Mrs. Bischoff told Stumpf that he had drawn more than his share of partnership money, and asked him to let her have some money. Young Stumpf says that, at some date not specified, which appears to have been after Bischoff's death, his father gave him a note for the sum claimed, for his services to the firm; his father figured up the amount himself. Afterwards, in February, 1877, his father conveyed to him some real estate in St. Louis, encumbered by deed of trust, and he returned the note to his father. His father continued to pay the taxes on this property. The claim seems to have been an after-thought. The finding against it cannot be said to be against the evidence as preserved in the record.

Nor can we reverse the judgment on the ground of the exclusion of testimony of the surviving partner. Appellant contends that a surviving partner, who is allowed under the law to pay a demand against the partnership estate without requiring it to be exhibited, when he has done so, is competent as a witness in his own behalf, to sustain a credit taken by him in his settlement for a demand thus paid; and that he is not within the exception (Rev. Stats., sect. 4010) which excludes one of the original parties to the contract or cause of action when the other

party is dead. It is not necessary for us to pass upon this question, because, in order that it may appear that the trial court erred in excluding testimony, it must appear that it was competent and material. *Wilson* v. *Board*, 63 Mo. 141. It does not appear that any statement whatever was made to the trial court of the scope and character of the testimony offered. It does not appear as to what the surviving partner was to be examined. The record states as to this, that " John Stumpf thereupon offered to be sworn and testify on his own behalf, to the giving of which testimony the exceptor objected, which objection was sustained."

The exclusion of the testimony cannot have prejudiced appellant in a manner of which he can now complain, unless it was to be directed to this one item of a charge for four years' services rendered by his son whilst a minor, to the firm of Bischoff & Stumpf. *Prima facie*, the earnings of this minor child belonged to his father ; and if he was to be paid wages by the firm, it is to be presumed that this was in consequence of an agreement between Bischoff and Stumpf, his partner, that the firm should pay these wages to Stumpf. If Stumpf was offered as a witness to testify to any agreement between Bischoff and himself of this nature, we think the testimony would come within the equity of the statute. The provision that a witness may testify in his own behalf, is in derogation of the common law ; the exception is that, where the lips of one party to the contract or cause of action at issue and on trial are sealed in death, the other party shall not testify in his own behalf. On an issue as to whether Bischoff, while alive, agreed with his partner that the partner should be allowed so much for services rendered to the firm by his minor child, we think the surviving partner is a party to the cause of action, and cannot testify in his own behalf. The case seems to be within the mischief which the exception is intended to meet.

In the absence of any general statement of the nature of
the testimony which Stumpf was expected to give, we do
not think, therefore, that the Circuit Court committed error
prejudicial to appellant in excluding the witness. If he
was competent as to other items of the settlement, that is
now immaterial, because there is no controversy now as to
them.

The judgment, we think, ought to be affirmed. It is so
ordered. All the judges concur.