• MARY CALDWELL, Appellant, v. JOHN SILVA ET AL., Respondents.

### St. Louis Court of Appeals, November 23, 1886.

GARNISHMENT—CONDITIONAL CONTRACTS—BURDEN OF PROOF.—In garnishment proceedings, in order to render the garnishee liable on a conditional promise, the plaintiff must show both the promise and the fulfillment of the condition.

APPEAL from the St. Louis Circuit Court, SHEPARD BARCLAY, Judge.

*Affirmed.*

BROADHEAD & HAEUSSLER, for the appellant.

COLLINS & JAMISON, for the respondents.

LEWIS, P. J., delivered the opinion of the court.

The plaintiff had execution on a judgment for $945.50 against Henry G. Farber, and caused the defendants to be summoned as garnishees. Issues were made up, and it appeared in the trial, that on July 22, 1885, Farber was the holder of a ten-year lease on certain city property, running from September 15, 1880, to September 15, 1890. That on the day first above mentioned, Farber agreed orally with the defendants for a transfer of the lease, and gave to them the following instrument:

"Received of Joseph Gazzolo and John Silva the sum of one hundred dollars ($100) on account of sale of all my right, title, interest, and good will to the leasehold of the property situated on southeast corner of Olive street and Ware avenue in the city of St. Louis. I further agree to deliver up possession of the said premises to the said Joseph Gazzolo and John Silva, on or before August 10, 1885, and the said Joseph Gazzolo and John Silva agree, when they receive possession of said premises, to pay to me in cash five hundred dollars, being the balance of the amount of sale. And I further agree, at the option of the said Gazzolo and Silva, to rent and become a tenant of theirs; the rent of rooms which I occupy to be determined upon between the said Joseph Gazzolo and John Silva, and me.

"HENRY G. FARBER.
"ST. LOUIS, July 22, 1885."

The testimony tended to show that the defendants never entered into possession of the premises; that Farber remained in possession, and about a month after the alleged transfer, posted "for rent" bills on the premises; and that in November next following, his lease was cancelled by his landlord.

The defence was the statute of frauds. The plain-

tiff insists that no memorandum in writing was necessary to bind the defendants, because there was an absolute and executed sale and transfer of the lease to them, whereby they became bound to pay the purchase money; citing *Tatum v. Brooker* (51 Mo. 148), and other cases. *Tatum v. Brooker* is the only one of them in point, and it settles the law directly against the plaintiff's claim. There the vendee took possession and worked the property as his own under the contract of purchase, and appropriated the proceeds to his own use. Having thus got the full benefit of his purchase, he could not be heard to repudiate it for want of a writing. There was such a part performance as took the case out of the statute of frauds. But in this case the vendees got nothing whatever. They were never put into possession, and the only issue of the contract, as to them was, that they were out of pocket one hundred dollars without any return. Moreover, by the very terms of the contract, they were only to pay the additional five hundred dollars upon receiving the possession; and, as they never did receive the possession, and there was no attempt to prove that it had been tendered to them, the defendants never became liable to pay, even without any reference to the statute of frauds.

The judgment is affirmed with the concurrence of all the judges.