FITZGERALD v. BARKER, *Appellant.*

1. **Note, Action on by Innocent Purchaser**: FRAUD. A grantee, who in a deed assumes the payment of certain notes of his grantor, cannot defeat an action upon them by an innocent holder, upon the ground that the grantor made fraudulent misrepresentations as to the non-existence of other incumbrances and liens upon the land whereby the title was wholly defeated.

2. **Note**: INNOCENT PURCHASER. The title of one who purchases a note before maturity, cannot be invalidated by his subsequently learning that the maker of the note had been a fraud-feasor.

3. **Evidence**: RELEVANCY: PRESUMPTION. The relevancy of proposed testimony must be shown before it can be received, and, unless shown, the action of the court in rejecting it will be presumed to be correct.

4. **Note**: INNOCENT PURCHASER. A transferee of a note, who accepts the same before maturity, the consideration for the transfer being the satisfaction of an old debt and the release of valuable liens, will be regarded as an innocent purchaser for value.

5. **Practice in Supreme Court**: FINDING FOR RIGHT PARTY. Even if erroneous instructions are given, if the verdict be the only one that could have been found consistent with the evidence, the judgment will be affirmed.

*Appeal from St. Louis City Circuit Court.*—HON. W. H. HORNER, Judge.

AFFIRMED.

*Taylor & Pollard* for appellant.

*George A. Castleman* for respondent.

The paper was taken by Fitzgerald in payment of debt and in consideration of surrender of liens and the transfer was for value. Daniels Neg. Inst. [3 Ed.] sec. 827.

SHERWOOD, J.—This cause comes here on appeal, and for the third time. 70 Mo. 685; 85 Mo. 13. The petition alleges that on November 2, 1872, Jno. S. Thomas and wife conveyed to defendant certain real estate by warranty deed, wherein they covenanted to warrant and defend the title to said premises against the lawful claims of all persons whomsoever, except against the following named deed of trust and notes on said property, to-wit: Two notes of two thousand dollars ($2,000) each, payable two years after date, and eight interest notes for one hundred dollars each, payable respectively at six, twelve, eighteen and twenty-four months after date, all of said notes being made by said John S. Thomas, and payable to his own order (which said defendant assumed and agreed to pay), and the taxes for 1873, said assumption and agreement being duly incorporated in said deed.

Plaintiff, at the date of said deed, was the holder and owner of one of said two thousand dollar notes, and the four interest notes thereon, payable, respectively, in six, twelve, eighteen and twenty-four months from date, all said notes bearing date November 1, 1872, and bearing interest after maturity at ten per cent. per annum. Defendant accepted said deed and entered into possession of said property thereunder and thereby, and by virtue of said assumption and agreement and assignment thereby to plaintiff, became liable to pay said several notes to plaintiff as the holder thereof as they severally fell due. The first of said interest notes was duly paid by defendant to plaintiff at maturity thereof, but the residue remains in his hands unpaid, but although said two thousand dollar note and said three interest notes, due respectively in twelve, eighteen and twenty-four months, have been long since due, yet they and each of them remain wholly unpaid. Wherefore, plaintiff prays judgment for the amount of said two thousand dollar principal note and said three unpaid

interest notes due at twelve, eighteen and twenty-four months from date, with interest and costs.

By his answer, the defendant admits that on the second day of November, 1872, John S. Thomas and wife, by their deed of that date, conveyed to this defendant the real estate in said petition described by warranty deed, and that said deed contained an assumption of two notes of two thousand dollars each, executed by John S. Thomas, and eight interest notes of one hundred dollars each ; but defendant denies each and every other allegation of the petition. For a further and special defense the answer sets up that Thomas made fraudulent misrepresentations and concealments as to certain mechanics' liens and deeds of trust, which were not recited in the deed from Thomas to Barker, and by such misrepresentations, Barker was induced to accept such deed in settlement of a demand he held against Thomas ; "that plaintiff knew of and was privy to said false and fraudulent representations ;" that defendant never learned of the falsity of such representations till early in 1873 ; and that the property conveyed was thereafter sold under the mechanic liens judgment ; and that the title as conveyed by Thomas to defendant was wholly defeated thereby. Plaintiff's reply was a general denial.

I. There is not a particle of evidence in this record tending to show that plaintiff was in any way concerned in the alleged fraudulent representations made by Thomas. This being true, it is useless to inquire what frauds Thomas practiced, or what misrepresentations he made as to the non-existence of other incumbrances or liens, since plaintiff had no part or lot in that matter.

II. The testimony shows that he was the purchaser, before maturity, of the notes in suit, and therefore, presumably, the innocent purchaser, and as a result of a purchase in such circumstances, he could not be prejudiced nor his title invalidated by subsequently learning

that Thomas had been a fraud-feasor. *Hagerman v. Sutton*, 91 Mo. 519 ; *Leavitt v. LaForce*, 71 Mo. 353.

III.   For this reason, the trial court very properly refused to permit the defendant who had testified to the payment of the first interest note to plaintiff, " to state the circumstances concerning the payment of that note." The very payment of that note was an acknowledgment by defendants that it was due plaintiff, and if there was anything which then transpired, any admissions made by plaintiff, either tacit or express, tending to show complicity between plaintiff and Thomas in hoodwinking defendant, it was the duty of the latter's counsel to make it known, by showing the relevancy of the proposed testimony.   This not having been done, the usual presumption which attends the acts and doings of courts of justice must prevail here ; for such courts cannot be convicted of error upon mere surmise or conjecture. *Aull Savings Bank v. Aull*, 80 Mo. 199 ; *Bank v. Wills*, 79 Mo. 275 ; *Howell v. Stewart*, 54 Mo. 400 ; *Cooney v Murdock*, 54 Mo. 349 ; *State v. Douglass*, 81 Mo. 231 ; *Stone v. Leland*, 82 Mo. 260 ; *Jackson v. Hardin*, 83 Mo. 175.

IV.   But it is insisted that plaintiff is not an innocent purchaser in that he did not pay cash for the notes, but only took them on account of an old debt due him by Thomas.   The testimony shows that plaintiff took the notes in part satisfaction of a much larger debt, and also released valuable liens which he held on the property of Thomas, and that the latter, on this consideration, transferred to him the notes, and promised to pay some money besides, but never did.   The point whether a transferee of notes in such circumstances, who takes them before maturity without notice and in absolute payment of an antecedent debt, is to be regarded in the same light as one who pays cash for them in the ordinary commercial way, has, it seems, never been directly adjudicated by this court, though it was intimated in *Hodges v. Black*, 76 Mo. 537, affirming the judgment of the St. Louis

court of appeals in the same cause (8 Mo. App. 389 ), that the correct rule in such cases is that such a transferee is to be regarded as a *bona-fide* purchaser for value, in the ordinary acceptation of the term, though the debt discharged be but a simple contract debt, and no security be surrendered. In an earlier case in this court, a similar intimation was given. *Goodman v. Simonds*, 19 Mo. 106. This is believed to be the true rule, and is certainly supported by sound reason, and ample judicial authority. This has long been the view taken by the supreme court of the United States (*Railroad v. National Bank*, 102 U. S. 14 and cas. cit.), and it is the principle asserted in most of our sister states, in England and by the text-writers. 1 Dan. Neg. Inst. [3 Ed.] secs. 827 *et seq.* and cas. cit. ; 3 Kent's Com. [13 Ed.] 81 ; Story's Bills, sec. 183 ; Story on Prom. Notes, sec. 186 ; 1 Parson's N. & B. 221, and cas. cit.

In the circumstances presented by the case at bar, the plaintiff would be regarded as a holder for a valuable consideration, and therefore not subject to precedent equities of which he was unaware, even in New York ( *Phoenix Ins. Co. v. Church*, 81 N. Y. 286), whose adjudications upon commercial paper differ, in some respects, from those of the supreme court of the United States, as well as from those of many state courts. 1 Daniel Neg. Inst. sec. 831c. Following this line of authorities it must be held that the plaintiff's title is as free from flaw as if he had purchased in open market and in the usual course of trade. Since writing the above, my attention has been called to several cases in this court where the holder of negotiable paper taken prior to maturity as collateral security for a preëxisting debt, will hold such collateral free from equities. *Boatman's Savings Institution v. Holland*, 38 Mo. 49 ; *Deere v. Marsden*, 88 Mo. 512 ; *Crawford v. Spencer*, 92 Mo. 498. Of course, the principle announced in those cases necessarily dominates this one.

V. It is also urged as a ground of reversal that the

trial court, erred in giving and refusing instructions. This, for argument's sake, may be conceded; but the proper determination to be made of this case is not in the least affected thereby, because, under the foregoing remarks, as plaintiff is to be regarded as a *bona-fide* holder of the notes, all other questions are subordinated to that one, and the trial court would have been fully justified in directing a verdict for the plaintiff. This being the case, it is quite immaterial what the instructions were, so long as the jury found the only verdict they could have found consistent with the evidence. And this court is expressly forbidden to reverse the judgment of any court, unless we believe error was committed against the party appealing, and "materially affecting the merits of the action." R. S. sec. 3775.

Therefore, judgment affirmed. All concur; RAY, J., absent.