SARAH REYNOLDS, Administratrix, Respondent, v. ZEPHANIAH REYNOLDS, Appellant.

Kansas City Court of Appeals, May 25, 1891.

1. **Vendor and Vendee:** PART PERFORMANCE : STATUTE OF FRAUDS : PURCHASE MONEY : PLEADING : INSTRUCTION. The vendee need not sign a note or memorandum in writing in order to bind him to pay the purchase money; his parol promise is binding if supported by sufficient consideration, and there be such part performance as to take it out of the statute of frauds; and taking possession of lands under an executory contract, and the payment of part of the purchase money, is such part performance. A petition alleging such contract and such part performance states a sufficient cause of action. An instruction set out in the opinion of like purport is approved under the evidence in this case.

2. **Witnesses:** DECEASED PARTY : EXCEPTIONS. Where one party to the contract in issue and on trial is dead, and the other party is offered as a witness with a purpose to testify to special matters about which he is competent, he should call the court's attention thereto, and bring himself within some exceptions to the statutory rule, and an offer " to contradict these declarations he is said to have made" is too general.

3. **Instructions:** PLEADING : RESCISSION. The petition declared on a contract; the answer was a general denial; an instruction telling the jury they could not consider any evidence tending to prove that the contract alleged in the petition had been rescinded or abandoned was proper, as the answer interposed no such defense.

4. ———: VENDOR AND VENDEE : DEATH OF TENANT BY THE CURTESY : HARMLESS INSTRUCTION. An instruction that, on the death of the tenant by the curtesy, the title of the defendant became complete without deed was harmless in this case.

5. ———: PURCHASE MONEY WITHOUT DEED. Whether plaintiff could recover purchase money without making or tendering a deed was not relied on as a defense in this case; the defendant having received all he bargained for, the tender of the deed would be idle ceremony.

6. ———: PURCHASE MONEY : INTEREST. Though defendant's promise to pay ten-per-cent. interest could not be enforced, yet, as the jury only found the original consideration, the question of interest thereon does not arise.

Reynolds v. Reynolds.

*Appeal from the Adair Circuit Court.*—HON. ANDREW ELLISON, Judge.

AFFIRMED.

*F. M. Harrington* and *A. D. Risdon,* for appellant.

(1) The petition states no cause of action. R. S., sec. 2039. (2) The objection to the introduction of any evidence at the commencement of the trial should have been sustained. The answer denies the contract, or that it ever existed, and, under this general denial, it is competent to show that the contract was conditional, and not fulfilled. *Stewart v. Goodrich,* 9 Mo. App. 125; *Greenway v. James,* 34 Mo. 328; *Covender v. Waddingham,* 2 Mo. App. 556; *Seberly v. Bank,* 2 Mo. App. 59. (3) The statute of frauds is sufficiently raised under the general denial. *Springer v. Kleinsorge,* 83 Mo. 152; *Allen v. Richard,* 83 Mo. 55; *Goff v. Roberts,* 72 Mo. 571. When the defendant in his answer denies the contract, it is unnecessary to plead the statute of frauds. *Wildbahn v. Robidoux,* 11 Mo. 660; *Hook v. Turner,* 22 Mo. 333. It is as fully raised by the general denial, as any other answer could raise it. (4) The alleged contract was within the statute of frauds, and defendant's objections to the admission of parol evidence should have been sustained. *Hook v. Turner,* 22 Mo. 335; *State ex rel. v. Leslie,* 83 Mo. 60; Brown on Frauds [4 Ed.] sec. 511. (5) Defendant was a competent witness in respect to declarations made by Harman Baker and John Thompson, of which the deceased Reynolds had no knowledge. *Poe v. Domic,* 54 Mo. 124; *Martin v. James,* 59 Mo. 181 and 213; *Logthlin v. Henry,* 59 Mo. 213; *Wheeler v. Arnold,* 30 Mich. 304; *Orr v. Rode,* 101 Mo. 387. (6) The first instruction tells the jury that they cannot consider any evidence as proving or tending to prove that the contract was rescinded or

abandoned by the parties. Defendant had a right under the general denial to show that the contract was conditional and that the conditions were not fulfilled. *Stewart v. Goodrich*, 9 Mo. App. 125; *Greenway v. James*, 34 Mo. 328. (7) The seventh instruction announces an abstract proposition of law having reference to no fact in evidence in this case, and is only calculated to mislead and confuse a jury. The same objection goes to the eighth as to the first instruction on the question of rescission, and should not have been given.

*H. F. Millan*, for respondent.

(1) The petition states a cause of action. The contract was taken out of the statute of frauds of performance. *Adair v. Adair*, 78 Mo. 630; *McConnell v. Brayner*, 63 Mo. 461; *Parker v. Niggeman*, 6 Mo. App. 546; *Suggett v. Cason*, 26 Mo. 221; *Self v. Cordell*, 45 Mo. 345; *Winters v. Cherry*, 78 Mo. 344. If the contract had been in writing, it would not have been necessary to so charge in the petition. *Y. M. C. A. v. Dubach*, 82 Mo. 475. It follows that the objection to the introduction of any evidence on the petition was properly overruled. The sole objection being "because it does not charge that the contract was in writing." No other objection can be raised here. He did not object because the evidence was parol. *Russell v. Berkstresser*, 77 Mo. 420. Only the point decided in the circuit court can be reviewed here. R. S., sec. 2302; *Hubbard v. Quisenberry*, 32 Mo. App. 466 and 7. (2) The objection to the competency of defendant as witness was properly sustained. The other party to the contract and cause of action was dead, and the administrator was plaintiff. R. S., sec. 8918. *Homes v. Braidwood*, 82 Mo. 613; *Wade v. Hardy*, 75 Mo. 394; *Keen v. Watson*, 39 Mo. App. 170. If there was any special reason or special fact in evidence which rendered him

competent, it was the duty of appellant to have called the attention of the trial court thereto. *Fitzgerald v. Barker*, 96 Mo. 664. (3) The instructions fairly presented the case to the jury. Cancellation, abandonment, rescission, or any matter occurring after the original creation of the contract, and going to defeat the action, must be specially pleaded. *Greenway v. James*, 34 Mo. 328; 2 Mo. App. 556. Both of the above cited by appellant. *Riggen v. Railroad*, 73 Mo. 598, where it is expressly decided that mutual rescission must be pleaded. *Robinson v. Suter*, 15 Mo. App. 599; *Noble v. Blount*, 77 Mo. 235; *Stones v. Richmond*, 21 Mo. App. 17. Cannot make defense by evidence not made by pleadings. (4) There is nothing in appellant's criticism of the verdict. The statute requires the jury to find the amount. R. S., sec. 2116.

SMITH, P. J.—The petition of the plaintiff alleged amongst other things that the deceased was in the possession of one hundred and sixty acres of land in Adair county as tenant by the curtesy, and that the defendant was the owner thereof subject to such curtesy; "that, the defendant being desirous of buying the possession of and said decedent's right to the possession and use of said land, it was agreed between them that said deceased would remove from said land and place defendant in the full and peaceable possession thereof, and that said deceased would not claim any further interest or title thereto. In consideration of which the defendant agreed to pay to said deceased the sum of $300 with ten-per-cent. interest in two years from date; That under and in accordance with said contract the said deceased removed from said land and placed defendant in the possession thereof; he, defendant, removing to and upon said land and has remained thereon, cultivating and using same ever since; that defendant has paid to said deceased the interest on said sum for two

years; and that there still remains due said sum of $300 with ten-per-cent. interest thereon from the —— day of October, 1888, for which plaintiff prays judgment." The answer was a general denial.

There was evidence introduced, the tendency of which was to show that about the first of March, 1886, Z. Reynolds, Sr., was tenant by the curtesy of a farm in Adair county, and defendant, his son, was owner of the fee. The old man sold his interest to the son for $300, to be paid within two years with ten-per-cent. annual interest. The father placed the son in complete possession, under the contract, and removed from the farm himself. The son continued in possession, using and enjoying the products of the farm under the contract, until the father's death ; paid the interest for the two years that had elapsed before his death, and then refused to pay because he did not get a deed. There was a trial by jury, and a verdict and judgment for plaintiff. The defendant has appealed.

I.   The first point which is urged by the appealing defendant, as a ground for reversal, is the action of the trial court in permitting over his objections any evidence to be introduced to sustain the allegations in the petition as the case there stated was within the interdict of the statute of frauds. The petition alleged that the deceased placed the defendant under the agreement of sale in the full and peaceable possession of the land in consideration of which the defendant agreed on his part to pay the deceased the sum of $300, with interest thereon, two years after date ; that defendant after being placed in possession so remained thereon, using and cultivating the same, and had paid the deceased two years' interest on the $300 purchase money. This action is for the recovery of the purchase money. It has never been held in this state that the vendee must sign a note or memorandum in writing in order to bind him to pay the purchase money. His verbal promise to pay the purchase money is binding if supported by

a sufficient consideration if there be such part perform-
ance of the contract as to take it out of the statute of
frauds. The taking of possession of land under a parol
executory contract and the payment of a part of the
purchase money is such part performance as to take the
transaction out of the statute. *Tatum v. Brooker*, 51
Mo. 148; *Adair v. Adair*, 78 Mo. 630; *Price v. Hart*,
29 Mo. 171; *Charpiet v. Segerson*, 25 Mo. 63. It results,
therefore, that the petition stated a good cause of action,
and that the court did not err in the reception of evi-
dence in support thereof.

II. The court did not err in rejecting the offer of
the defendant to testify in the case in his own behalf.
The other party to the contract in issue and on trial was
dead. The defendant was incompetent as a witness
under the statute, Revised Statutes, section 8918, and
if it was his purpose to testify to any special matter,
about which he was a competent witness he should have
called the attention of the court thereto. He should
have in his offer brought himself within some excep-
tions to the statutory rule. His offer should have been
specific. Not having done this, the presumption which
attends the acts and doings of courts of justice must
prevail here. *Fitzgerald v. Barker*, 96 Mo. 661; *Bes-
hoff v. Strumpf*, 10 Mo. App. 476. It is true that the
defendant stated that "we offer to contradict these
declarations he is said to have made." This offer was
too general. It did not specify the particular declara-
tion of any witness. Too much was left to conjecture to
warrant us in saying the court erred in rejecting such an
offer.

III. As to the plaintiff's first instruction, which
told the jury under the pleadings they could not con-
sider any evidence tending to prove that the contract
alleged in the petition had been rescinded or abandoned
by the parties, it may be said that, as the defendant did
not plead a rescission or abandonment, but denied the
existence of the contract, he could not avail himself of

such rescission or abandonment, and hence the instruction was proper enough. *Riggins v. Railroad*, 73 Mo. 598; *Laraway v. Perkins*, 10 N. Y. 371; *Cole v. Soulsby*, 21 Cal. 47; *Noble v. Blount*, 77 Mo. 235; *Bray v. Marshall*, 75 Mo. 327; *Gwinn v. Lewis*, 61 Mo. 339; *Stones v. Richmond*, 21 Mo. App. 17. The second instruction further told the jury that if the defendant agreed with his father to pay him $300 for his life-interest in the land and interest thereon until paid, and that the father agreed to accept the same and sell his interest therein for said sum and on said terms, and in pursuance of the agreement the father moved away from the land and placed defendant in possession thereof under the agreement, and that defendant remained ever since in the possession enjoying and using the products thereof, then the finding should be for the plaintiff. It laid down a correct rule under the evidence for the guidance of the jury in the light of the principles referred to in a preceding paragraph. The seventh instruction, which told the jury that on the death of the tenant by the curtesy the title of the defendant became complete without a deed was entirely harmless. As we understand it, this was admitted. In this case, as in *Tatum v. Brooker*, *supra*, the question of whether the plaintiff should have been permitted to recover without making or tendering a deed was not relied on as a defense, and need not be discussed here. The death of the tenant by the curtesy made this, however, unnecessary. The defendant had received all he had bargained for without a deed, and the tender of it would have been a useless and idle ceremony. No serious objection has been urged against the correctness of the verdict. It is likely true that the promise of the defendant to pay ten-per-cent. interest could not be enforced; but, as the jury manifestly only found for the plaintiff $300, the original consideration for the sale of the curtesy, the question of interest thereon does not arise.

The judgment is affirmed. All concur.