LOWMAN'S SONS, Appellants, v. THOS. MANEY, Garnishee, Respondent.

### Kansas City Court of Appeals, March 23, 1896.

1. **Fraudulent Conveyances**: FAILURE OF EVIDENCE: NOTE: INVOICE. On a review of the evidence the only circumstances tending to fasten a suspicion of unfairness on the garnishee in this case is the fact that the note he gave for the stock is unpaid in bank, and that he took no invoice, both of which circumstances are fully explained and the evidence *held* insufficient to establish the charge of fraud since all the money went to pay creditors of the vendor.

2. **Appellate Practice**: EVIDENCE: EXCLUSION. The appellate court will presume in the favor of the exclusion of evidence by the trial court until error is made to appear by the complaining party.

*Appeal from the Buchanan Circuit Court.*—HON. H. M. RAMEY, Judge.

AFFIRMED.

*Reed, James & Street* for appellants.

(1) Under the evidence introduced by the plaintiffs the case should have been submitted to the jury. The rule is well settled that if there is any evidence tending to prove the issues, the case must go to the jury. *Groll v. Tower*, 88 Mo. 249, 251; *Moody v. Deutsch*, 85 Mo. 237, 243; *Damhorst v. Railroad*, 32 Mo. App. 356. (2) It is the duty of the trial court, in passing upon a demurrer to the evidence, to make every inference of fact in favor of the party offering the evidence which the evidence warrants and which the jury, with any degree of propriety might make.

Herboth v. Gaal, 47 Mo. App. 255, bot. p. 256; Wilson v. Board of Education, 63 Mo. 137, 140; Noenger v. Vogt, 88 Mo. 589, bot. p. 592, 593; Rine v. Railroad, 100 Mo. 228, bot. p. 234; Franke v. City of St. Louis, 110 Mo. p. 525; Franke v. The City of St. Louis, 110 Mo. 516, p. 526; Buesching v. Gaslight Co., 17 Mo. 219, 230, 231. (3) Plaintiffs insist it was error to limit the proof of admissions of garnishee to the stenographer's notes, and that it was competent to show by witnesses, who were present and heard, what garnishee had testified to on the trial of the attachment, as his reasons for purchasing the stock of Lysaght, the attachment defendant.

Brown & Pratt for respondent.

(1) The action of Lysaght in selling his property for the payment of such debts as he wished to prefer, exclusive of others, was the exercise of a right and affords the creditors not so paid no ground of complaint. Daugherty v. Cooper, 77 Mo. 528, and cases cited. The fact that Maney has not been pressed for payment of his note to the bank can in no way injure the plaintiff. (2) The only question raised in appellant's brief which seems to require notice, is founded upon the following colloquy: One Ritchie having testified that he was in the court room and heard Mr. Maney testify in the principal case, was examined as follows: "Q. State what he stated then as to the reason why he purchased that stock of goods down there?" Objected to by garnishee on the ground that there is better evidence; that by the present law the stenographer's notes are made a part of the record of the court. "Mr. James: I would like the record to show what we offered to prove by this witness." "The court: What the garnishee, Mr. Maney, swore to in

the trial before?" "*Mr. James:* As to his reasons for purchasing the stock?" "*The court:* Yes, sir, and it is excluded on the ground that the stenographer's notes are the best evidence." This ruling was made upon the theory that section 8241, Revised Statutes, 1889, made the testimony so taken part of the official records of the court, and that such record was of course the best evidence of the matter which the law expressly required to be so recorded. *Cain v. The School District,* 48 Mo. App. 408; *Fitzgerald v. Barber,* 96 Mo. 661, and cases cited.

ELLISON, J.—Plaintiff instituted an action by attachment against John J. Lysaght & Company, and had the defendant summoned as garnishee. Defendant answered that he did not owe. Plaintiff denied the answer and charged that said Lysaght & Company were largely indebted, including a debt to plaintiffs. That they owned a stock of dry goods and a large amount of book accounts in St. Joseph, Missouri, and that for the purpose of defrauding their creditors, they conveyed said stock of goods and accounts to the defendant garnishee, without any consideration, and that said conveyance was for the use and benefit of said Lysaght & Company. At the close of the evidence for the plaintiff, the court instructed the jury to find a verdict for the garnishee, and plaintiff brings the case here.

We have carefully gone over the evidence submitted and have concluded that the trial court could not well have done otherwise than to hold there was no case made against the garnishee. If the evidence had been submitted to the jury and resulted in a verdict against the garnishee, the court unquestionably would have set it aside. The evidence conclusively shows that there was a consideration for the sale to the

garnishee, and that this consideration, considering the character of the property purchased, was not so out of proportion to the supposed value as to characterise the transaction as fraudulent. The garnishee gave his note to Lysaght & Company for $5,000, which the latter cashed at the National Bank of St. Joseph, and used substantially all of the sum received in the payment of his debts. Furthermore, Lysaght earned a little money after selling the stock, which he also applied on his debts. It is true that he appears to have had $600 or $700 in bank at the time of the sale, but the whole testimony discloses that he applied the proceeds of the note, the money he had on hands, and his earnings, to the payment of his debts, less what he "lived on" in the meantime. So that we are justified in saying that, substantially, the proceeds of the sale of the goods was applied to his debts. About all that we can discover to fasten the charge on this garnishee that he took the goods without consideration and for the use of Lysaght, is that his note is yet in the bank unpaid,—the bank having permitted it to run along, we must assume, deeming it amply good; for there is nothing in the record to connect the bank with being a party to the fraud. And that the garnishee bought the stock without an invoice. But it so clearly appears why and how this was done, that we attach no importance to it. The garnishee had some knowledge of the stock, had faith in the word of Lysaght, and also advised with the banker about it.

But aside from all that can be said as to the failure of the evidence to connect the garnishee with any fraud, the fact stands out, that the money obtained through this garnishee, as the purchase price of the goods, in every probability, discharged more debts of Lysaght & Company than could have been discharged through process of law. The costs, losses, and sacri-

fices which attend a sheriff's sale of a stock of goods, are well known to all. A mere suspicion of the fraudulent participation of the garnishee would not be sufficient to justify a verdict against him, but in our opinion, it can hardly be fairly said that the record makes a case of suspicion against him. As a matter of course, direct evidence of fraud is not required and the proof of wrong doing is more frequently made up from circumstances which, when considered together, make up a case. But, at the same time, these circumstances must consist of something tangible. A case of a fraudulent purchase can not be made out by the mere charge of fraud and proof of the purchase. The charge should be connected with enough of the tangible, by way of evidence, to attach itself to a reasonable mind.

Plaintiff offered to prove by witnesses the testimony of this garnishee on a former trial, as to his reasons for purchasing the stock. The court excluded it. It does not appear what it was that plaintiff desired to show. It may be that what he wished to show was wholly irrelevant, or was otherwise not beneficial to plaintiff. We must presume in favor of the exclusion until error is made to appear by the complaining party. This is sufficient to prevent our interfering with the action of the court, without going into an investigation of the reasons assigned. *Fitzgerald v. Barker*, 96 Mo. 661; *Hickman v. Green*, 123 Mo. 165.

In our opinion, the court did not commit error in giving the peremptory instruction and hence we affirm the judgment. All concur.