WILLIAM BAGNELL, Respondent, v. CHEMICAL BANK OF SWEET SPRINGS, Appellant.

### Kansas City Court of Appeals, June 13, 1898.

1. **Witnesses**: COMPETENCY: PARTY TO THE CONTRACT: STATUTE. COMMON LAW. Where one of the parties to the contract is dead the common law, as to the competency of the other party, is in force and the real party in interest, though not a party to the record, can not testify to admissions made to him by the deceased party, and before he can be admitted as a witness he must bring himself within some exception of the statutory rule by a specific offer.

2. **Evidence**: ADMISSIONS OF PARTY IN POSSESSION: CONTRACT: OBJECTION. Declarations of one in possession of property explaining his possession are admissible, but not his declarations in regard to the contract by which he came into possession; and where objectionable testimony is admitted without objection no complaint can be made.

3. ————: LETTERS FROM CLAIMANT TO EXECUTION DEFENDANT: DECLARATIONS: ACTS. Letters written by a claimant of personal property to his manager in charge thereof are more than mere declarations and are real acts and as such are admissible in the writer's favor.

4. ————: ADMISSIONS: VAGUENESS: HARMLESS ERROR. An allusion by a claimant that is vague and uncertain and has a double meaning is not admissible as an admission, and its exclusion is harmless error where there is other definite evidence in the case.

*Appeal from the Saline Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

DAVIS & DUGGINS and LESLIE OREAR for appellant.

(1) David A. Hancock was a competent witness as to all transactions had between him and Charles S. Bulkley as the agent of Thomas H. Bagnell, deceased, and to contradict the testimony of the said Charles S. Bulkley as to such transactions, and as to the manner in which he held possession of the property in controversy, and therefore his testimony should have been admitted. Miller v. Wilson, 126 Mo. 48, loc. cit. 54, 55; Orr v. Rode, 111 Mo. 387, loc. cit. 398; Coughlin v. Hauessler, 50 Mo. 128; Roeder v. Shryock, 61 Mo. App. 485, at page 489. (2) The court erred in giving the instructions. Harding v. Wright, 119 Mo. 1; Harrison v. White, 56 Mo. App. 175; R'y v. R. R., 118 Mo. 599; Hambright v. Brockman, 59 Mo. 52–57. The letters of Bagnell read in evidence were clearly incompetent for "a letter written by a principal is not admissible in his own favor except as a notice, or demand." Richard v. Frankum, 9 C. & P. 221; U. S. v. Barker, 4 Wash. Rep. U. S. 464. (3) The evidence of James Loper was incompetent and should have been excluded by the court because it forms no part of the *res gestae* and was not made while the defendant Bulkley was in possession of the farm, and is not competent to prove the contract that may have existed between Bagnell and the said Bulkley. Hambright v. Brockman, *supra;* Diel v. Stegner, 56 Mo. App. 535; Darrett v. Donnelly, 38 Mo. 492. (4) The evidence of John E. Corder, which was excluded by the court, was clearly admissible.

BOYLE, PRIEST & LEHMANN and SAMUEL BOYD and JOHN OREAR for respondent.

(1) The evidence shows conclusively that the property levied upon belonged to the Bagnell estate

and the judgment being for the right party will not be disturbed. Bushey v. Glenn, 107 Mo. 331; De Hatre v. De Hatre, 50 Mo. App. 1; McDaniel v. Howey, 51 Mo. App. 198; Long v. Coal Co., 56 Mo. App. 605; Phillips v. Bochelder, 47 Mo. App. 52; Williams v. Mitchell, 112 Mo. 300; Walsh v. Ass'n, 101 Mo. 544; Jones v. Poundstone, 102 Mo. 240; George v. R'y, 57 Mo. App. 358; Fortune v. Fife, 105 Mo. 433; Hunter v. McElhaney, 48 Mo. App. 234; Wolfe v. Dyer, 95 Mo. 545; Tyler v. Larimore, 19 Mo. App. 445; Bradford v. Emerson, 56 Mo. App. 379; Norton v. Paxton, 110 Mo. 456; Hume v. Brelsford, 51 Mo. App. 651. (2) Hancock was not a competent witness in this case, certainly not as to any communications by Bagnell. R. S. 1889, sec. 8919; Bank v. Wills, 79 Mo. 275; Bank v. Aull, 80 Mo. 199; Jackson v. Hardin, 83 Mo. 175, 187; U. S. v. Gilbert, 2 Sumn. 20; Bridgers v. Bridgers, 69 N. C. 451; Strauss v. Beordeley, 79 N. C. 59; Roberts v. Roberts, 85 N. C. 9; Morgentheim v. State, 8 N. E. Rep. 568; Stewart v. Kirk, 69 Ill. 509; Fairchild v. Case, 24 Wend. 381; Morgan v. Browne, 71 Pa. St. 130; Roy v. Targee, 7 Wend. 359; Thompson on Trials, secs. 678, 679. (3) The correspondence between Bulkley and Bagnell prior to the levy of the execution and while Bulkley was in charge of and managing the farm, was competent evidence as a series of verbal acts which characterized and defined Bulkley's possession. Tillman v. Fontaine, 27 S. E. Rep. 149; 150; Elwood v. Saterlie, 71 N. W. Rep. 13; State v. Desforges, 48 La. Ann. 73; 18 So. Rep. 912; Larkin v. Baty, 18 So. Rep. 666; s. c., 111 Ala. 303; Ins. Co. v. Shoemaker, 31 S. W. Rep. 270; Word v. Cochran, 71 Fed. Rep. 127; High's Heirs v. Pancake, 26 S. E. Rep. 536. (4) The evidence of Loper was competent, being evidence of statements made by Bulkley during the period of his possession of the farm. Diel v.

Stegner, 56 Mo. App. 538; Darrett v. Donelly, 38 Mo. 492. (5) The evidence of John E. Carder, excluded by the court, was clearly inadmissible. The proposal was simply to prove a present expression of a future purpose.

SMITH, P. J.—A judgment was rendered in the circuit court of Saline county in favor of the Chemical Bank against Charles S. Bulkley and others for $2,712, on which an execution was issued to the sheriff who levied the same on certain personal property as that of the said Charles S. Bulkley. The respondent, who is executor of the estate of Thomas H. Bagnell, deceased, made a claim in writing to the property so levied in the manner required by section 4927. The bank thereupon executed the indemnifying bond provided for in that section. Later on, the executor, as claimant, executed to the sheriff a statutory delivery bond and took possession of the property. The sheriff, in conformity to the requirements of section 4928, returned the claim and bonds taken by him to the circuit court, where the bank filed an answer to the claim wherein . it was denied that the executor's testator, Thomas H. Bagnell, had any title or interest in the property levied on and alleged that the said property belonged to and was that of the said Charles S. Bulkley. The executor, by his reply, put in issue the allegation of Bulkley's ownership of the property. The executor had judgment in the court below and the bank appealed.

During the progress of the trial, the bank offered David S. Hancock, the owner of the judgment and real party in interest, as a witness "to contradict the evidence of C. S. Bulkley and to prove that Thomas H. Bagnell admitted that said Bulkley was the real owner of the mares and mules in controversy." To the

introduction of the proffered testimony of this witness the executor objected on the ground that Thomas H. Bagnell, whose estate was the opposite party, as shown by the evidence, was dead. The common law rejected the testimony of persons whose pecuniary interest was directly involved in the matter in issue. Greenl. Ev., sec. 327. The statute, section 8918, Revised Statutes, provides, in effect, that if both parties are alive both may testify, but if one be dead, then the common law is in full force as to the competency of the survivor as a witness in his own behalf. Meier v. Thieman, 90 Mo. 433. If the bank were a natural person and were offering to testify that the executor's testator had admitted to him that Bulkley was the owner of the property levied on, no one would assert that such an offer could, in the face of the statute and common law, be received. This being so, it must follow that Hancock, the purchaser and owner of the judgment, is quite as incompetent as the bank to testify as to the admissions made by the testator to him. His interest in the result of the present controversy is precisely the same as that of the bank, had it not sold the judgment to him. The acquisition of this interest rendered him incompetent to testify as to the admission of the testator just referred to. Meier v. Thieman, *supra;* Chapman v. Dougherty, 87 Mo. 617; Scott v. Riley, 49 Mo. App. 251.

Hancock was, as we have seen, incompetent as a, witness under the statute and if it was his purpose to testify as to any special matter, to which he was competent to testify, he should have called the attention of the court thereto. He should have, in his offer, brought himself within some exception to the statutory rule. His offer should have been specific. This as appears from his offer, previously quoted, he did not do, and therefore the presumption which attends the acts and

doings of courts of justice must prevail here. Reynolds v. Reynolds, 45 Mo. App. 622; Fitzgerald v. Barker, 96 Mo. 661. The offer was too general. It did not specify the particular testimony of Bulkley which was to be contradicted. Too much was left to conjecture to warrant us in ruling that the trial court erred in rejecting such offer.

II. The declarations made by Bulkley to Loper, while the former was in the occupancy of the testator's farm, that he was there as the agent of the testator were properly admitted. The declarations of one in possession of property explanatory of his possession are admissible in evidence, because it explains the character of his possession; but his declarations in regard to the contract by which he came into possession can not be received in his favor. Darrett v. Donelly, 38 Mo. 538; Diel v. Stegner, 56 Mo. App. 538; Elwood v. Saterlie (1897), 71 N. W. Rep. (Minn.) 13.

It is true the witness further testified that Bulkley told him that he was receiving $50 per month for his services for operating the testator's farm, but if this testimony was obnoxious to the latter part of the rule just stated it was admitted without objection, and therefore the bank has nothing to complain of.

III. The bank objects that it was error to admit in evidence the written correspondence between the testator and Bulkley prior to the levy of the execution and while Bulkley was in charge of the farm as manager for the testator. These letters amounted to more than mere declarations. They were acts of the testator tending to show possession and control of the farm and the personal property situate thereon. If the testator had resided on the farm and had exercised acts of control and ownership, no one would doubt that such acts would be admissible in evidence in a case of this kind. The testator would be allowed in such case

to prove that he was on the farm; that he directed and controlled the movements of the manager; that he directed when and where the corn should be planted and gathered and sold and at what price, and so as respects the wheat, oats, clover and timothy; the sale of the mules and purchase of others; the castration of the colt; the getting the mares in foal; the making of repairs; the purchase of agricultural implements; the care of the stock; the management of the farm generally, and especially as to the expense of the same. All these would be acts of the testator tending to show that he exercised control and ownership of the property. So likewise the letters. They are directions to the manager what to do about the stock and other personal property in his charge, and also as to all the farming operations to be carried on. They show that he still exercised control and ownership. We think it is clear that the correspondence was properly admitted in evidence. Tillman v. Fontaine, 98 Ga. 672.

IV. The bank offered to prove by the witness Corder that when he executed to the testator a quitclaim deed for the Bulkley farm, the latter stated to the former that "he intended to keep Charles S. Bulkley there in the same manner in which he had operated before." We do not think the action of the court in rejecting this offer was error. It appears from the evidence that Bulkley had previously occupied the farm in several ways, and therefore the allusion was too vague and uncertain to be admissible. If, however, it was admissible its tendency to support the issue was so slight that we would be unwilling to disturb the judgment on account of its rejection, and especially so in view of the other evidence tending to show the way in which Bulkley occupied the farm after execution of the Corder deed. An examintion of

the evidence disclosed by the record has convinced us that no harmful error was committed by the court, either in the admission or exclusion of evidence.

V. The court gave a number of instructions for both the bank and the executor. The case was very fully and fairly submitted to the jury. Without undertaking an extended review of the many pages of evidence presented by the record, it will be sufficient to say that we think it fully warranted the giving of the several instructions requested by the testator. The bank, by the several instructions given by the court for it, had the advantage of a submission upon every theory to which it was possibly entitled under the evidence. The issues of fact were submitted to the jury under proper instructions and the verdict returned must be accepted by us as conclusive.

The judgment must be affirmed. All concur.